## AMALGAMATED SUGAR CO. v. INDUSTRIAL COMMISSION et al.

No. 4942. Decided April 8, 1930. (286 P. 959.)

*Bagley, Judd & Ray,* of Salt Lake City, for plaintiff.

*George P. Parker,* Attorney General, and *Logan M. Rich,* Assistant Attorney General, for defendants.

CHERRY, C. J.

Wendell E. Smith, in the course of his employment by the Amalgamated Sugar Company sustained accidental injuries whereby he lost one front tooth and fractured another. In proceedings before the Industrial Commission he was awarded compensation at the rate of $16 per week for ten weeks as for disfigurement and loss of bodily function, notwithstanding he was not disabled for work. The employer has brought the matter here by writ of review contending that under the Workmen's Compensation Act of this state, the award is invalid because the injury sustained did not cause disability or incapacity for work.

Comp. Laws Utah 1917, § 3138, as amended by Laws Utah 1919, c. 63, after prescribing fixed and definite periods of compensation for the loss of certain physical members and functions, provides: "Any other disfigurement, or the loss of bodily function not otherwise provided for herein, such period of compensation as the Commission shall deem equitable and in proportion to compensation in other cases not exceeding two hundred weeks."

The general purpose of the Workmen's Compensation Act is to provide compensation for loss of earning capacity resulting from industrial accidents. But the scheme of compensation is not necessarily limited to cases where there is immediate impairment of earning ability. It is within the general purpose of the law, and without doubt within the power of the Legislature to provide for compensation for injuries which impair physical efficiency, even though present earning capacity is not directly affected. In most cases any disfigurement or loss of bodily function ultimately impairs earning capacity. We think it was the intention of the Legislature by that part of the statute quoted to provide for the payment of compensation, within the limits prescribed, for the kind of injuries described, whether disability for work is presently caused or not. Such view is supported by *Gunnison Sugar Company* v. *Industrial Commission* (Utah) 275 P. 777, and *De Zeng Standard Company* v. *Pressey*, 86 N. J. Law, 469, 92 A. 278.

AWARD AFFIRMED.

STRAUP, ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.