## JOHN E. MABEE, Inc., et al. v. ANTHONY et al.

No. 22866.    Opinion Filed Feb. 2, 1932.

Hal Crouch and Phillip N. Landa, for petitioners.

Jack W. Page, for respondent.

KORNEGAY, J.  This is an original proceeding to review an award of the State Industrial Commission, which awarded to the claimant below $200. His work and employment were clearly within the provisions of the act, and the complaint is that the award was not justified because the act did not provide for compensation for the loss of teeth.

Our previous decisions on the subject are cited, and under the idea of disfigurement, as distinguished from earning power, our court has heretofore held that compensation is allowable. Sometimes reference is made in the decisions to the teeth as being part of the head and sometimes as being part of the face, but it is immaterial whether we call it head or face.

The statute on the subject of Workmen's Compensation Law gives some definitions, and among other things certain presumptions.

are defined in the statute. One of those presumptions is as follows:

"7295. Certain presumptions in absence of evidence. In any proceeding for the enforcement of a claim for compensation under this act, it shall be presumed in the absence of substantial evidence to the contrary:

"1. That the claim comes within the provisions of this act." Comp. Stat. 1921, s. 7295.

The loss of teeth has been treated as a disfigurement generally, but here it is claimed that the dentist repaired and gave some artificial teeth, and that that cured the matter, though there does not seem to be anything shown here to indicate that the employer or the insurance carrier ever paid for the repairs.

So valuable during all of our legal history has been a front tooth that the great commentator on English law, Blackstone, described a very serious crime as "mayhem," which, among other things, was the knocking out of a front tooth. Our primitive ancestors had the idea that natural weapons were the best to fight with, and therefore they crystallized into law a prohibition against knocking out a front tooth, classifying the tooth as a member of the body. The Jewish law required an eye for an eye and a tooth for a tooth.

A note on the subject is found in 16 A. L. R. 969, under the Texas decision of Keith v. State of Texas, as follows:

"The holding of the reported case (Keith v. State, ante, 949) that a front tooth is a member of the body within the meaning of a statute making it maiming to cut off, or deprive a person of, a member of his body, is supported by High v. State (1888) 26 Tex. App. 545, 8 Am. St. Rep. 488, 10 S. W. 238, a prosecution for homicide, in which the defense was set up that it was committed in preventing maiming, the evidence showing that the defendant's 'corner' tooth had been knocked out by the man whom he killed. It was stated that to deprive one of a front tooth is to maim him as understood at common law, and that although 'front tooth' is not used in terms in the Texas statute, which provides that 'to maim is to willfully and maliciously cut off or otherwise deprive a person of the hand, arm, finger, toe. foot. leg, nose, or ear; to put out an eye, or in any way to deprive the person of any other member of his body,' it is clear that it comes within the import of the word 'member' as used in that statute and in common acceptation, and that the court might well assume that it is a member of the body without submitting the question as a matter of fact to the jury, although in the instant case it would be a question of fact to be found by the jury whether a 'corner tooth' was a 'front tooth.'

"This is also in line with the statements of Coke, Blackstone, Hawkins, and East, by each of whom the foretooth is mentioned as one of the members the deprivation of which constitutes mayhem. It will be noted, however, that Blackstone states that the loss of one of the 'jaw teeth' is not mayhem."

Under the head of "Maiming" in section 1765, C. O. S. 1921, we denounce the disabling of any member or organ of the body, or seriously diminishing the physical vigor of another.

In this particular case, there was no loss of wages for the time being, but undoubtedly there was loss of power to masticate food, which is the foundation of practically all physical labor that is to last. As a specific injury, the loss of the tooth is not defined in the statute. However, to knock out two teeth would certainly be disfigurement to the head as nature made it, and as nature made the front, which we call the face. It is only a question of time when, by the shrinking of the gums and the wasting away of the bony process that the roots of the teeth are fastened in, there will be a disfigurement, not only of the head but of the face also. The fact that a dentist made some new teeth for him would not prevent disfigurement, as we all know that the teeth will not come back and that artificial teeth never fill the place of that which is natural. If one ever sat at mealtime near by a person who has a plate in his mouth and listened to the uncanny noises, he can well appreciate what the losing of the two teeth necessitating bridging would mean to the average person, and if he had ever gone through with the process of capping the roots of teeth, he would have known that the teeth, though replaced, were not as good as in the natural state.

Under the decisions cited, the award should be affirmed. The award is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur.