### DAVIS v. WATERBURY'S, Inc.
### No. 14121.

Court of Appeal of Louisiana. Orleans.
Jan. 30, 1933.

M. J. Epley, Jr., of New Orleans, for appellant.

M'Caleb & M'Caleb, of New Orleans, for appellee.

570

JANVIER, J.

Plaintiff, an unemancipated minor, was employed by defendant, and, during the course of the said employment, received injuries arising therefrom, and thereafter was paid compensation for the period of disability.

In this action he contends that, in addition to the compensation payments for the period of disability, he is entitled to further payments because of the fact that he sustained other injuries, which, though they did not incapacitate him, nevertheless disfigured him about the face and impaired the usefulness "of a physical function," and that therefore paragraph 16 of subdivision (d) of subsection 1 of section 8 of Act No. 85 of 1926 is applicable. This is the paragraph containing the latest amendment on the subject originally appearing in subdivision (d) of subsection 1 of section 8 of Act No. 243 of 1916, and reads as follows: "In cases not falling within any of the provisions already made where the employee is seriously permanently disfigured about the face or head or where the usefulness of a physical function is seriously permanently impaired, the Court may allow such compensation as is reasonable and as is in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-five per centum of wages during one hundred weeks."

Though in the petition it is alleged that "petitioner's lip and mouth were badly lacerated, his face disfigured, brush burned in numerous places and three front teeth loosened by petitioner's head coming so violently in contact with the pavement," we find from the record that no attempt was made to prove any of the said quoted allegations, except that with reference to the teeth, and that, in support of this allegation, the testimony shows only that one tooth "that was dislodged has been replaced with a false tooth." It is evident that no allowance can be made for the alleged facial disfigurement because none has been shown, and that no serious or permanent disfigurement resulted from the loss of the tooth which has been replaced with a false one is evident from the fact that, when the district judge inspected plaintiff on the witness stand, he could not even tell which tooth it was that had been replaced. So that the sole question presented to us is whether or not plaintiff, having lost one tooth which has been replaced, is entitled to compensation by reason of the fact that a physical function has been seriously permanently impaired.

We note particularly that the statute contains the word "seriously," and we can well understand that there may be cases in which the loss of one tooth, even though replaced in a most scientific manner, might result in a serious permanent impairment of a physical function, or might bring about a serious permanent disfigurement, but we find in the record before us no evidence to show that any such result has taken place here.

In the matter of Odom v. Atlantic Oil Producing Co., 162 La. 559, 110 So. 754, our Supreme Court held that the loss of three lower front teeth is a serious permanent disfigurement and is a serious permanent impairment of a physical function.

That case is apparent authority for the view that the loss of a tooth, in itself, constitutes an impairment of a physical function. If the statute required that any impairment of a physical function made it necessary that compensation be allowed therefor, and that the degree of the impairment should only be taken into consideration in determining the amount of the allowance, we would have no right to deny plaintiff recovery for the loss of the tooth. But that case, Odom v. Atlantic Oil Producing Co., does not hold that in any event the loss of one tooth is compensable under the act, but merely that the impairment of a physical function, if serious and permanent, entitles the sufferer to additional compensation, and, as we have said, although we can well imagine that in other situations the loss of even one tooth might result in serious impairment, we find nothing in the record here to justify our holding that such has been the case.

In the court below plaintiff's suit for additional compensation for disfigurement and impairment of a physical function was denied.

The judgment appealed from is affirmed.

Affirmed.