This was an appeal from an award of the North Carolina Industrial Commission, dated 15 February, 1939, in which the plaintiff was awarded twenty per cent loss of use of right arm and the sum of $1,000 for disfigurement on account of an accident occurring 1 June, 1938. The case was originally accepted by the defendants as compensable, and plaintiff was paid for temporary total disability pursuant to agreement appearing in the record until 23 November, 1938. On 14 November, 1938, plaintiff requested a hearing and the North Carolina Industrial Commission set the same to be heard on 14 December, 1938, to determine what additional compensation, if any, was due claimant. The hearing was held by the Hearing Commissioner, Hon. J. Dewey Dorsett, and the claimant was present in person and his body, extremities and head were exhibited to the Trial Commissioner. Commissioner Dorsett thereafter filed opinion on 21 December, 1938, and entered notice of formal award on 22 December, 1938. Thereafter the defendants appealed for review to the Full Commission, and the claimant was exhibited to the Full Commission, and the Full Commission rendered its opinion, dated 10 February, 1939, and thereafter entered notice of formal award, dated 15 February, 1939, all of which appears in the record. Thereafter the defendants duly appealed to the Superior Court.
The case was heard before his Honor, J. Will Pless, Jr., Judge presiding at the regular April, 1939, Term of the Superior Court of Buncombe County, and the award of the Full Commission affirming the *Page 278 
award of the Hearing Commissioner, J. Dewey Dorsett, awarding 20% loss of use of right arm and $1,000 for serious bodily disfigurement, was affirmed as appears in the record. The defendants made numerous exceptions and assignments of error and appealed to the Supreme Court. The material ones and necessary facts will be set forth in the opinion.
The opinion of the Full Commission, which the court below affirmed, is as follows: "This was an appeal by the defendants in apt time, to the Full Commission from an award of Commissioner Dorsett in which the Hearing Commissioner awarded the claimant 20 per cent partial permanent loss of use of the right arm, and also allowed him the sum of $1,000 for serious facial and bodily disfigurement. The Full Commission viewed the scars on the body of the claimant, who was a young colored man, and finds that he was seriously burned while carrying a bucket of hot tar; the tar splashing over his face, forehead, ears, hands, arms, left side of his chest and abdomen, and as the result of the burn he has been seriously disfigured; the scarring being white in color in contrast to his black skin, and the Commission feels that the findings of fact, conclusions of law of the Hearing Commissioner was amply justified by the facts in the case. Therefore, the Full Commission finds no reason to disturb the findings of fact, conclusions of law and award of the Hearing Commissioner, but ratifies and affirms the same. With respect to the award of disfigurement to the right arm in which a 20 per cent partial permanent functional loss of use of the right arm was awarded, the Full Commission and the Hearing Commissioner took into consideration the fact that the scarring of this arm was very extensive and entirely out of proportion to the 20 per cent functional loss, and for this reason the Commission considered the scarring of the right arm in addition to the functional loss of use along with the scarring on the rest of the body as heretofore indicated in arriving at the sum of $1,000 for disfigurement."
N.C. Code, 1935 (Michie), sec. 8081 (mm), in part is as follows: "(t) Total loss of use of a member or loss of vision of an eye shall be considered as equivalent to the loss of such member or eye. The compensation for partial loss of or for partial loss of use of a member or for partial loss of vision of an eye shall be such proportion of the payments above provided for total loss as such partial loss bears to total loss. Loss of both arms, hands, legs, or vision in both eyes shall be deemed permanent total disability, and shall be compensated under sec. 8081 (k). *Page 279 
In case of serious facial or head disfigurement, the Industrial Commission shall award proper and equitable compensation not to exceed $2,500. The weekly compensation payments referred to in this section shall all be subject to the same limitations as to maximum and minimum as set out in sec. 8081 (kk); provided, however, that the foregoing schedule of compensation shall not be deemed to apply and compensate for serious disfigurement resulting from any injury to any employee received while in and about the duties of his employment. And provided, further, that the Industrial Commission created by this article shall have power and authority to make and award a reasonable compensation for any serious bodily disfigurement received by any employee within the meaning of this article, not to exceed twenty-five hundred ($2,500) dollars. And provided, further, that disfigurement shall also include the loss or serious or permanent injury of any member or organ of the body for which no compensation is payable under the schedule of specific injuries set forth in this section."
Dr. George A. Mears testified, in part: "I examined Eugene Baxter immediately after this accident on June 1, 1938. The plaintiff is going to have some permanent disfigurement in both upper extremities, I believe it is the left. He has no permanent disability in his right arm at all and inhis left arm he is going to have some permanent disability. . . . I would say to sum the thing up, he has approximately 20% permanent partial disability of the arm at this time."
Dr. Mears was corroborated by Dr. A. T. Hipps, who testified: "On theleft arm as the result he has got scar tissue in and around these tendons here which constricts the muscle power. There is no nerve injury but he has got scar tissue there which prevents those fingers from closing. He has got scar tissue, prevents that. Scar tissue in a burn gets worse as time goes on. This man has not reached his maximum disability yet and he may not reach it for a year yet."
It will be noted that the Commission awarded compensation "20% loss of use of right arm." From all the evidence it should have been left arm. The learned attorney for defendant frankly and rightly admitted this error of the Commission and agreed it should be corrected to be the left arm, but contended there was no sufficient evidence to support this finding of fact by the Commission. From the testimony of the physicians, the defendants' contention cannot be sustained.
It was held in the case of Arp v. Wood Co., 207 N.C. 41, that in the case of facial head disfigurement, award could be made in the amount of $2,500 for such disfigurement and, at the same time, additional awards could be made for temporary total disability, 40% loss of visibility in right eye, and total loss of left eye. In the instant case the *Page 280 
Commission included "serious facial and bodily disfigurement." The statute provides that in the case of serious facial or head disfigurement that the Commission "shall award proper and adequate compensation not to exceed $2,500"; and the statute further provides that in the case of "serious bodily disfigurement" the Commission "shall have power and authority to make and award a reasonable compensation . . . not to exceed $2,500." It seems, therefore, that the Commission has full power and authority, based on any competent evidence, to grant an award for facial, head or bodily disfigurement in the amount not to exceed $2,500, provided the aggregate of all awards shall not exceed $6,000. In the instant case there was found to be "bodily disfigurement."
The defendants further contend that there is no sufficient evidence and findings of fact in the case to sustain an award for disfigurement, and that the provision under which an award for bodily disfigurement is made is unconstitutional, as no rule of action is prescribed in the statute. Neither one of these contentions can be sustained.
In Lassiter v. Telephone Co., 215 N.C. 227 (230), we find: "It is established in this jurisdiction that the findings of fact made by the Industrial Commission, if supported by competent evidence, are conclusive on appeal and not subject to review by the Superior Court or this Court, although this Court may have reached a different conclusion if it had been the fact finding body."
We think the evidence ample to support the findings of fact by the Commission. In the opinion is the following: "The Full Commission viewed the scars on the body of the claimant, who was a young colored man, and finds that he was seriously burned while carrying a bucket of hot tar, the tar splashing over his face, forehead, ears, hands, arms, left side and his chest and abdomen, and as the result of the burn he has been seriously disfigured; the scarring being white in color in contrast to his black skin."
The evidence was the best to be had — a view of the body of plaintiff by the Full Commission. Doubting Thomas would not believe until he saw for himself.
"Then said He to Thomas, Reach hither thy finger, and behold my hands; and reach hither thy hand, and thrust it into my side; and be not faithless, but believing. And Thomas answered and said unto him, My Lord and my God." — (St. John 20:27, 28.)
In Heavner v. Lincolnton, 202 N.C. 400 (402), it is said: "This Court, in many decisions, has recognized the applicability of the act, and the power of the Commission to administer it, within the boundaries of the act. While it is technically true that this Court has not heretofore considered the constitutional questions involved in this appeal, it *Page 281 
has approved expressly and unequivocally the liberal and beneficent provisions thereof. Indeed, all the major objections to the constitutionality of compensation acts have been considered by the Supreme Court of the United States and many other courts throughout the country (citing a wealth of authorities). . . . The courts and text writers have declared that compensation legislation falls within the exercise of the police power of sovereignty, and for this reason constitutional objections have not ordinarily prevailed. This Court has never held that the Industrial Commission is a court in the strict sense of that term. Indeed, it has been expressly declared that the Industrial Commission is primarily an administrative agency of the State, charged with the duty of administering the Compensation Act, and, as an incident to such administration, it performs duties `which are judicial in their nature.' Inre Hayes, 200 N.C. 133, 156 S.E. 791. In disposing of the questions presented, it is deemed unnecessary to pyramid quotations from the authorities. All legitimate arguments, together with the authorities supporting the various aspects of constitutional inhibition, are contained and set forth at length in the cases determined by the Supreme Court of the United States, supra."
1 Schneider, Workmen's Compensation Law, 2nd Ed., pp. 11, 13, is as follows: "The Supreme Court of the United States has declared constitutional both the compulsory and elective form of act. There are only three states in which the first law enacted was held unconstitutional. Since these decisions both state and federal courts have uniformly sustained the general constitutional questions involved in the Workmen's Compensation Acts, though in some states minor provisions of the acts have been held unconstitutional."
We cannot hold, as contended by defendants, that the "Compensation for bodily disfigurement is void for being unconstitutional as it is a void delegation of legislative power and in controvention further of N.C. Constitution, Art. I, sec. 8, and is incomplete legislation. Connally v.General Construction Co., 269 U.S. 385, 70 L.Ed., 322; Vallat v. RadiumDial Co., 196 N.E. 485 (Illinois Supreme Court, 1935); 99 A.L.R., 607."
The above cases cited we think inapplicable to the facts in this cause. We think the statute is not so vague, or sets up an unintelligible standard of conduct, as to render it void.
For the reasons given, the judgment of the court below is
Affirmed. *Page 282