# Richmond

HOWARD T. STEPHENS, JR. v. A. L. WRIGHT & COMPANY, INC., AND GLENS FALLS INDEMNITY COMPANY.

December 1, 1952.

Record No. 4031.

Present, All the Justices.

The opinion states the case.

*Edmunds, Whitehead, Baldwin & Graves,* for the appellant.

*Robert Lewis Young,* for the appellees.

BÚCHANAN, J., delivered the opinion of the court.

This appeal was allowed from an order of the Industrial Commission, affirming on review the findings of the hearing commissioner, holding that the claimant, Howard T. Stephens, Jr., was not entitled to compensation under section 65-53 (19) of the Code.

In his application for a hearing the claimant alleged that as the result of an accident on November 12, 1951, arising out of and in the course of his employment, he had sustained a permanent injury and consequent disfigurement in the loss of four front teeth and one back tooth.

The evidence offered in respect to the claim consisted only of claimant's own testimony before the hearing commissioner, a letter from his dentist and photographs of the claimant. He testified that he had a high school and business college education; that prior to his employment by the Wright Company he was first-aid man for Lynchburg Foundry Company for three and a half to four years, which brought him constantly in contact with the public; that prior to the latter employment he worked for a firm of consulting engineers which was doing survey work on a highway; that his employment with the Wright Company terminated around the first of January, 1952, and since then he had been employed as a salesman for North American Battery Company. He demonstrated to the commissioner his appearance with and without the denture which had been supplied for the missing teeth, and said the denture caused him a slight speech impediment, perhaps more noticeable to himself than to others. He was asked whether, when interviewed for his then job as salesman, the interviewer indicated in any way that he would not be acceptable because he had false teeth in front, and replied, "I don't imagine he knew it."

The letter from his dentist stated that as a result of the accident the claimant's front teeth were injured, making it necessary to extract two upper laterals and two upper centrals, which were replaced by a removable bridge, and that "The loss of these teeth resulted, of course, in a marked disfigurement, which has been alleviated by the bridge."

Section 65-53 of the Code, *supra,* in eighteen separate subsections, provides for definite compensation for the loss of specific parts and functions of the body, and then subsection 19

provides: "For marked disfigurement of the head or face resulting from an injury not above mentioned in this section which will impair the future usefulness or occupational opportunities of the injured employee sixty per centum of the average weekly wages not exceeding sixty weeks."

In his findings of fact the hearing commissioner said: "It is our opinion from observation of the claimant there is no facial disfigurement affecting his future usefulness or occupational opportunities." This, he said, was confirmed by the record.

In the opinion of the full Commission on review, it was said:

"While the loss of teeth is a marked disfigurement of the head and face it is not shown that claimant's future usefulness or occupational opportunities will be impaired. On the contrary the evidence strongly indicates otherwise. Claimant had no difficulty obtaining employment as a salesman with North American Battery Company subsequent to his accidental injury. This employer was apparently unaware of the fact that claimant had false dentures.

"Taking into consideration claimant's present and past occupations, it is our conclusion that the evidence fails to show a marked disfigurement of the head or face which will impair the future usefulness or occupational opportunities of this claimant."

Appellant contends that the loss of his teeth constitutes a marked disfigurement of his head and face which will, "as a matter of law as well as in fact, impair his future usefulness and occupational opportunities." We cannot agree.

Disfigurement alone is not made compensable by the act. Before it is compensable it must be, by the plain terms of the act, not only (1) a marked disfigurement, but also one which (2) impairs the future usefulness or occupational opportunities of the injured employee. These are questions of fact, and the burden rests upon the claimant to establish the existence of both factors. *Johnson* v. *Capitol Hotel,* 189 Va. 585, 590, 54 S. E. (2d) 106, 109.

There is no evidence in the record to show the existence of the second factor. The hearing commissioner found from observing the claimant and from the record that there was no facial disfigurement that would affect his future usefulness or occupational opportunities. The full Commission found that the evidence strongly indicated that it would not, and concluded

that there was no such impairment. That conclusion, being upon a question of fact, supported in this instance by observation of the claimant and by the evidence bearing upon the point, is binding upon us on this appeal. Code 1950, § 65-94; *Butler* v. *Nolde Bros.*, 189 Va. 932, 945, 55 S. E. (2d) 36, 42.

As stated by Commissioner Nickels in *Guy* v. *Perry*, 15 O. I. C. 484, 486-7, the hearing commissioner may readily make a reasonably safe deduction from observation at the hearing as to whether the claimant has suffered a marked disfigurement; but the more difficult question of whether the marked disfigurement will impair future usefulness or occupational opportunities "may only be solved in any case by the exercise of good judgment." The legislative history of subsection 19 indicates some hesitation about making disfigurement compensable. When it was finally brought within the coverage of the compensation law, and by amendments subsequently made, the solution of the basic questions, as well as the amount of compensation to be allowed, was confided to the Commission with broader latitude of decision than had been given with respect to the specific injuries made compensable by the preceding subsections of section 65-53.[1]

The cases cited by the claimant to support his contention that his loss of teeth constituted a compensable disfigurement as a matter of law are, as stated by the Commission in its opinion, not controlling, because of the lack of uniformity in the acts of the various States. We are governed by the language of our own statute, which is not the same as that contained in the statutes construed in those cases.[2] Loss of teeth is not among the losses

---

[1] Subsection 19, *supra,* was not contained in the Virginia compensation act when first passed in 1918, Acts 1918, ch. 400, pp. 637, 645, although a similar provision. was then in the Indiana act upon which the Virginia act was based. *Hoffer Bros.* v. *Smith,* 148 Va. 220, 226, 138 S. E. 474, 476. The disfigurement provision was added to the law in 1924, Acts 1924, ch. 318, p. 478, as section 32 (t), p. 482, and compensation fixed at fifty per centum of average weekly wages during sixty weeks. Section 32 (t) was made section 32 (s) by amendment in 1934, Acts 1934, ch. 45, pp. 39, 41, which changed the rate to fifty-five per centum for "not exceeding sixty weeks." Section 32 (s) was amended by Acts, Extra Session 1947, ch. 62, pp. 116, 117, to change the rate to sixty per centum, and as so amended has now become subsection 19 of section 65-53 of the 1950 Code.

[2] In *Odom* v. *Atlantic Oil Producing Co.,* 162 La. 556, 110 So. 754; *Mabee, Inc.* v. *Anthony,* 155 Okla. 35, 8 P. (2d) 22, 80 A.L.R. 968; *Skelly Oil Co.* v. *Skinner,* 162 Okla. 150, 19 P. (2d) 548; *Amalgamated Sugar Co.* v. *Industrial Comm.,* 75 Utah 556, 286 P. 959, and *Muchnick* v. *Susquehanna Waist Co.,* 124 Pa. Super. 194, 188 A. 413, cited by claimant, there was no requirement in the statutes involved that the disfigurement to be compensable must impair future usefulness or occupa-

specifically made compensable by section 65-53, as it could have been if that had been the purpose. Instead, by the language of the statute, before such loss is compensable it must result not only in marked disfigurement but also in the impairment of the claimant's usefulness or his occupational opportunities. Neither of these conditions is *per se* a question of law. They stand here as do other questions of fact on appeal from the Industrial Commission. As stated, the finding of the Commission on the case in judgment is conclusive and its award must be affirmed.

*Affirmed.*

---

tional opportunities. In *Betz* v. *Columbia Tel. Co.*, 224 Mo. App. 1004, 24 S. W. (2d) 224, also cited, the Missouri statute involved allowed compensation for disfigurement "based upon the handicap suffered * * * in obtaining employment." The claimant had lost 31 teeth and had been awarded $50 for disfigurement, which was objected to because no handicap in obtaining employment had been shown. The court sustained the award on the ground that "The loss of 31 teeth is a serious handicap to any one."