JOSEPH EUGENE DAVIS v. SANFORD CONSTRUCTION COMPANY, INC., EMPLOYER, AND HARTFORD ACCIDENT & INDEMNITY COMPANY, CARRIER.

(Filed 11 December, 1957)

1. **Master and Servant § 53b(1)**

   The additional compensation for serious bodily disfigurement under G.S. 97-31(w) may be awarded in the discretion of the Industrial Commission whether such disfigurement results from the loss or injury to any important organ of the body or not, provided such loss or injury to such organ is not specifically compensable under G.S. 97-31(a) through (t).

2. **Same—**

   The award of compensation under G.S. 97-31(v) is mandatory upon the Commission upon a finding of serious facial or head disfigurement, although the amount of compensation therefor rests in the legal discretion of the Commission. Serious facial or head disfigurement may result from the loss or injury to any important organ of the face or head, so that compensation for the loss of two upper front teeth is compensable under section (v) rather than (w).

3. **Same—**

   Whether the loss of two upper front teeth results in a serious facial or head disfigurement so as to make the award of compensation therefor mandatory under G.S. 97-31(v) is a question of fact for the Commission.

DAVIS *v.* CONSTRUCTION CO.

**4. Appeal and Error § 49: Master and Servant § 55g—**

Where it is apparent that the Industrial Commission made its findings of fact in regard to compensation for the loss of claimant's two upper front teeth under misapprehension that G.S. 97-31(w) rather than G.S. 97-31(v) was applicable, the cause must be remanded for consideration of the evidence in its true legal light.

**5. Master and Servant § 53b(1)—**

A facial disfigurement is serious in law only when there is a serious disfigurement in fact, which is one which adversely affects the appearance of the injured employee to such extent that it may be reasonably presumed to lessen his opportunities for remunerative employment and so reduce his future earning power, even though no present loss of wages may be shown to have occurred.

**6. Constitutional Law § 7: Master and Servant § 36—**

The statutory provisions in regard to award for serious disfigurement are not invalid on the ground that the statute fails to provide an intelligible guide or standard for the Commission.

APPEAL by plaintiff from *Crissman, J.,* March 18, 1957, Term, of FORSYTH.

Compensation claim for the loss of two upper front teeth.

The jurisdictional facts were stipulated; also, it was stipulated that plaintiff, a regular employee, sustained an injury by accident arising out of and in the course of his employment.

The findings of fact and conclusions of law made by the hearing commissioner, approved and adopted by the full Commission, are as follows:

"FINDINGS OF FACT

"1. That plaintiff lost no time or wages by reason of his injury and the sole question for determination in this case is how much compensation, if any, plaintiff is entitled to receive by reason of serious facial disfigurement, or serious bodily disfigurement.

"2. That as a result of the accident giving rise hereto plaintiff has lost two upper front teeth, said loss being permanent; that these two front teeth have been replaced by a matching bridge, the cost of which has been borne by the defendants.

"3. That plaintiff has thus suffered the loss of or permanent injury to an important organ of the body for which no compensation is payable under the provisions of G.S. 97-31(a) through (v); that proper and equitable compensation therefore is $450.00."

"CONCLUSIONS OF LAW

"The sole question for determination in this case is whether or not loss of teeth is compensable as disfigurement under our Act, all other factors necessary for an award being stipulated."

After quoting G.S. 97-31(w), also from *Mabee v. Anthony,* an Oklahoma decision referred to in the opinion, this "Conclusion of Law" was stated:

"The Commission concludes as a matter of law that plaintiff has suffered the loss of an important organ of the body for which no compensation is payable under the provisions of G.S. 97-31(a) through (v) and that the proper and equitable compensation therefor is $450.00. G.S. 97-31(w)."

The award made required that defendants pay to plaintiff compensation "for his serious bodily disfigurement" the sum of $450.00.

Upon defendants' appeal to the superior court, Judge Crissman, "being of the opinion that the Conclusions of Law based upon the Findings of Fact are erroneous," entered judgment whereby the award was "in all respects set aside and vacated," compensation was denied and plaintiff was ordered to pay the costs. Plaintiff excepted and appealed.

*Leake & Phillips for plaintiff appellant.*
*King, Adams, Kleemeier & Hagan for defendants appellees.*

BOBBITT, J. Defendants state the question presented as follows: "May compensation be awarded plaintiff for serious facial or head disfigurement or for serious bodily disfigurement (where plaintiff lost two teeth which were replaced with a bridge at defendants' expense) in absence of any evidence or finding of fact that plaintiff sustained serious disfigurement so that it handicapped him in obtaining employment or reduced his earning power?"

G.S. 97-31 provides that, in addition to compensation paid for disability during the healing period, compensation is to be awarded for specified definite extended periods where the injury involves the loss of any part, member or organ of the body designated in subsections (a) through (t). This additional compensation "shall be in lieu of all other compensation, including disfigurement." The loss of a tooth or teeth is not one of the losses designated in subsections (a) through (t). Whether such loss should be so designated is a matter for the General Assembly, not for this Court.

Plaintiff bases his claim for compensation solely on alleged serious disfigurement. Prior to Ch. 1221, Session Laws of 1957, enacted subsequent to plaintiff's injury, the pertinent provisions of G.S. 97-31, applicable to plaintiff's claim, were as follows:

"(v) In case of serious facial or head disfigurement, the Industrial Commission shall award proper and equitable compensation not to exceed two thousand five hundred dollars. In case

of enucleation where an artificial eye cannot be fitted and used, the Industrial Commission may award compensation as for serious facial disfigurement.

"(w) In case of serious bodily disfigurement, including the loss or permanent injury to any important organ of the body for which no compensation is payable under the preceding subsections, but excluding the disfigurement resulting from permanent loss or permanent partial loss of use of any member of the body for which compensation is fixed in the above schedule, the Industrial Commission may award proper and equitable compensation not to exceed two thousand five hundred dollars."

While *the amount* of the award (up to $2,500.00) is for determination by the Commission under (v) as well as under (w), "the statute makes it mandatory on the Commission to award proper and equitable compensation in case of serious facial or head disfigurement. This is not the case in regard to disfigurement of other parts of the body. The statute provides that the Industrial Commission shall have the power and the authority to make and award a reasonable compensation for any serious bodily disfigurement received by any employee within the meaning of this article, not to exceed $2,500.00." *Stanley v. Hyman-Michaels Co.,* 222 N.C. 257, 22 S.E. 2d 570. Thus, where "serious bodily disfigurement" is involved, award of compensation therefor is not required but may be allowed or disallowed in the exercise by the Commission of its legal discretion. *Branham v. Panel Co.,* 223 N.C. 233, 238, 25 S.E. 2d 865.

In express terms, the Commission based its award of $450.00 on G.S. 97-31(w). The factual basis therefor is that plaintiff "suffered the loss of or permanent injury to an important organ of the body for which no compensation is payable under the provisions of G.S. 97-31(a) through (v)."

With reference to (w), it would seem that "the loss or permanent injury to any important organ of the body for which no compensation is payable under the preceding subsections" may be the basis for a separate award only if it results in "serious bodily disfigurement." Such loss or permanent injury to an important organ of the body is not something different from or in addition to "serious bodily disfigurement" but rather, as indicated by the word "including," an instance of what may constitute "serious bodily disfigurement." While (v) does not refer in express terms to the loss of or permanent injury to any important organ of the face or head, we think it clear that such loss, if in fact a "serious facial or head disfigurement," is compensable thereunder.

If plaintiff's loss of his two upper front teeth constitutes serious disfigurement within the meaning of G.S. 97-31, it would

seem inescapable that this would be a "serious facial or head disfigurement" compensable under (v) rather than a "serious bodily disfigurement" compensable under (w). In such case, plaintiff would be entitled under (v) to *an* award as a matter of right.

The crucial question is this: If plaintiff suffered the loss of *two* upper front teeth, a finding challenged by defendants on their appeal from the full Commission to the superior court, did plaintiff suffer thereby a "serious facial or head disfigurement"? The full Commission did not make such finding of fact. Rather, it appears clearly that the full Commission considered (w) rather than (v) the pertinent provision and that it interpreted (w) as authority for an award for loss or permanent injury to any important organ of the *body*, for which no specified compensation for a definite period was payable under the preceding subsections of G.S. 97-31, without regard to whether such loss constituted "serious bodily disfigurement." Hence, the full Commission's findings of fact were made under misapprehension as to the applicable law. It follows that the court below should have set aside the findings of fact and remanded the cause to the full Commission for consideration of the evidence in its true legal light. *McGill v. Lumberton,* 215 N.C. 752, 3 S.E. 2d 324, and cases there cited.

It does not follow that the Commission cannot award compensation to plaintiff under (v) upon a supported finding of fact that he has suffered a "serious facial or head disfigurement." In that connection, we deem it proper to call attention to the matters stated below.

Under our decisions, there is a serious disfigurement in law only when there is a serious disfigurement in fact. A serious disfigurement in fact is a disfigurement that mars and hence adversely affects the appearance of the injured employee to such extent that it may be reasonably presumed to lessen his opportunities for remunerative employment and so reduce his future earning power. True, *no present loss of wages* need be established; but to be *serious,* the disfigurement must be of such nature that it may be fairly presumed that the injured employee has suffered a diminution of his future earning power. *Stanley v. Hyman-Michaels Co., supra; Branham v. Panel Co., supra;* Larson, Workmen's Compensation Law, Vol. 2, Sec. 58.32; also see (dictum) *Marshburn v. Patterson,* 241 N.C. 441, 448, 85 S.E. 2d 683.

In *Stanley v. Hyman-Michaels Co., supra,* where this Court affirmed the order of the superior court remanding the cause to the Commission for the taking of evidence and for findings of fact as to disfigurement, Denny, J., speaking for the court, said: "In awarding compensation for serious disfigurement, we think

DAVIS *v.* CONSTRUCTION CO.

the Commission, in arriving at the diminution of earning power from disfigurement and making its award, should take into consideration the natural physical handicap resulting from the disfigurement, the age, training, experience, education, occupation and adaptability of the employee to obtain and retain employment. What is reasonable compensation for serious disfigurement is for the determination of the Commission in each case in the light of the facts established by competent evidence."

In *Muchnick v. Susquehanna Waist Co.,* 124 Pa. Super. 194, 188 A. 413, the Court said: "The loss of front teeth has always been regarded as a serious matter." Again: "We have no doubt that, if average persons were asked whether they would classify the loss of two front teeth as important or trifling, the vast majority would refuse to classify the loss or blemish as trifling. Certainly there is no such unanimity of opinion to the contrary as would justify the court in saying that the finding of fact by the board is inherently wrong." Again: "The degree of the injury depended upon other factors than the loss of the two teeth, such as the condition of the other teeth and the consequent effect on the facial appearance. The previous appearance of the teeth as a whole as part of the head and face is a matter that is proper for the fact-finding body to consider, and situations may arise where the loss of a front tooth might not be so serious as to create an unsightly appearance."

In *Mabee v. Anthony,* 155 Okla. 35, 8 P. 2d 22, 80 A.L.R. 968, the Court said: "In this particular case there was no loss of wages for the time being, but undoubtedly there was loss of power to masticate food, which is the foundation of practically all physical labor that is to last. As a specific injury, the loss of the tooth is not defined in the statute. However, to knock out two teeth would certainly be disfigurement to the head as nature made it, and as nature made the front, which we call the face. It is only a question of time when, by the shrinking of the gums and the wasting away of the bony process that the roots of the teeth are fastened in, there will be a disfigurement, not only of the head, but of the face also. The fact that a dentist made some new teeth for him would not prevent disfigurement, as we all know that the teeth will not come back and that artificial teeth never fill the place of that which is natural."

In this jurisdiction, whether an injured employee has suffered a "serious facial or head disfigurement" is a question of fact to be determined by the Commission, after taking into consideration the factors indicated above, in relation to whether it may be fairly presumed to cause a diminution of his future earning power.

Since loss of future earning power is not susceptible of precise present proof, this determination as to whether a diminution of future earning power may be reasonably presumed on the basis of the facts established must rest largely within the judgment of the Commission. Admittedly, there are exceptional instances where the most serious handicap, whether caused by disfigurement or otherwise, is entirely overcome in respect of future earning power by notable qualities of industry or of ingenuity. However, as stated by Cardozo, J., in opinion for the Court of Appeals of New York in *Sweeting v. American Knife Co.*, 226 N.Y. 199, 123 N.E. 82: "Lawmakers framing legislation must deal with general tendencies. The average and not an exceptional case determines the fitness of the remedy."

The fact that there exists a broad area in which the judgment of the Commission with reference to the particular factual situation is determinative does not invalidate the statutory provision on the ground of failure to provide an intelligible guide or standard for the award of compensation for serious disfigurement causing impairment of future earning power. *Baxter v. Arthur Co.*, 216 N.C. 276, 4 S.E. 2d 621; *New York Cent. R. R. Co. v. Bianc*, 250 U.S. 596, 40 S. Ct. 44, 63 L. ed. 1161. Justice Pitney, in the case last cited, said: "Under ordinary conditions of life, a serious and unnatural disfigurement of the face or head very probably may have a harmful effect upon the ability of the injured person to obtain or retain employment. Laying aside exceptional cases, which we must assume will be fairly dealt with in the proper and equitable administration of the act, such a disfigurement may render one repulsive or offensive to the sight, displeasing, or at least less pleasing, to employer, to fellow employees, and to patrons or customers."

Cases from other jurisdictions supporting awards on account of loss of teeth include the following: *Muchnick v. Susquehanna Waist Co.*, *supra*; *Mabee v. Anthony*, *supra*; *Grinnell Co. v. Smith*, 203 Okla. 158, 218 P. 2d 1043; *Amalgamated Sugar Co. v. Industrial Commission*, 75 Utah 556, 286 P. 959; *Olson v. Union Pac. R. Co.*, 62 Idaho 423, 112 P. 2d 1005; *Betz v. Columbia Telephone Co.* (Kansas City Court of Appeals), 24 S.W. 2d 224; *Odom v. Atlantic Oil Producing Co.*, 162 La. 556, 110 So. 754. Fully aware of the differences in statutory provisions and of the diverse bases for decision, the rule in this jurisdiction as stated above is based upon our interpretation of our statute and the prior decisions of this Court.

In *Stephens v. A. L. Wright & Co.*, 194 Va. 404, 73 S.E. 2d 399, plaintiff's injury caused the loss of four front teeth and one back tooth. A denture had been substituted for the missing teeth. The *Commission* denied compensation. Its decision was

affirmed. Because of defendants' reliance upon this Virginia decision, it seems appropriate to consider the exact holding therein.

The Virginia Act, then under consideration, provided: "For marked disfigurement of the head or face resulting from an injury not above mentioned in this section which will impair the future usefulness or occupational opportunities of the injured employee sixty per centum of the average weekly wages not exceeding sixty weeks."

The *full Commission* said: "Taking into consideration claimant's present and past occupations, it is *our conclusion* that the evidence fails to show a marked disfigurement of the head or face which will impair the future usefulness or occupational opportunities of this claimant." (Italics added.)

The Supreme Court of Appeals of Virginia, per Buchanan, J., said: "Disfigurement alone is not made compensable by the act. Before it is compensable it must be, by the plain terms of the act, not only (1) a marked disfigurement, but also one which (2) impairs the future usefulness or occupational opportunities of the injured employee. *These are questions of fact*, and the burden rests upon the claimant to establish the existence of both factors." (Italics added.)

"There is no evidence in the record to show the existence of the second factor. The hearing commissioner found from observing the claimant and from the record that there was no facial disfigurement that would affect his future usefulness or occupational opportunities. The full Commission found that the evidence strongly indicated that it would not, and concluded that there was no such impairment. That conclusion, being upon a question of fact, supported in this instance by observation of the claimant and by the evidence bearing upon the point, is binding upon us on this appeal. (Citations omitted.)

"As stated by Commissioner Nichels in *Guy v. Perry*, 15 O.I.C. 484, 486-487, the hearing commissioner may readily make a reasonably safe deduction from observation at the hearing as to whether the claimant has suffered a marked disfigurement; but *the more difficult question of whether the marked disfigurement will impair future usefulness or occupational opportunities 'may only be solved in any case by the exercise of good judgment.'* The legislative history of subsection (19) indicates some hesitation about making disfigurement compensable. When it was finally brought within the coverage of the compensation law, and by amendments subsequently made, the solution of the basic questions, as well as the amount of compensation to be allowed, was confided to the Commission with broader lattitude of decision than had been given with respect to the specific injuries made

compensable by the preceding subsections of section 65-53." (Italics added.)

In closing his opinion, Buchanan, J., said: "Loss of teeth is not among the losses specifically made compensable by section 65-53, as it could have been if that had been the purpose. Instead, by the language of the statute, before such loss is compensable it must result not only in marked disfigurement but also in the impairment of the claimant's usefulness or his occupational opportunities. Neither of these conditions is *per se* a question of law. *They stand here as do other questions of fact on appeal from the Industrial Commission.* As stated, the finding of the Commission on the case in judgment is conclusive and its award must be affirmed." (Italics added.)

It would seem that the Virginia rule is in accord rather than in conflict with the rule in this jurisdiction as stated above.

In *Davis v. Waterbury's, Inc.,* (La.), 145 So. 569, the only other case that has come to our attention where compensation for the loss of a tooth or teeth was denied, one tooth "that was dislodged (had) been replaced with a false tooth." We pass without discussion the difference in statutory provisions. Suffice to say, it appears that decision was based on a finding that the plaintiff *in fact* had suffered no serious or permanent disfigurement.

As indicated above, the court below did not rule on defendants' exceptions to the Commission's findings of fact but held that, upon the facts found, the Commission's legal conclusion was erroneous.

For the error pointed out, the judgment of the court below is vacated; and the cause is remanded to the end that the court below remand it to the Commission for further consideration consistent with the applicable law as stated herein.

Error and remanded.