Clement A. Dallachiesa, Claimant, Appellant, v. General Motors Corporation, Employer, Appellee.

(*March* 26, 1958.)

Christie, J., sitting.

*James P. D'Angelo* for Claimant, Appellant.

*Rodney M. Layton* for Employer, Appellee.

Superior Court for New Castle County, No. 1325, C. A. 1957.

Christie, J.:

Clement A. Dallachiesa (the claimant) was injured in the course of his employment by General Motors Corporation (the employer). The injury resulted in the loss of two front teeth, the lower central incisors. General Motors Corporation provided the

claimant with a denture containing two artificial teeth to replace the two lost teeth. Claimant makes no demand for any further medical or dental services or supplies.

Claimant has filed an application under 29 *Delaware Code*, § 2326(f) for compensation on account of his alleged "serious and permanent facial or head disfigurement" occasioned by the loss of the same two teeth. The Industrial Accident Board held a hearing after which it concluded as a fact that "an examination by the members of the Board disclosed that Clement A. Dallachiesa has not sustained any disfigurement as a result of the injury". Accordingly, the Board denied claimant's petition. Claimant appeals from that decision.

Both sides admit on appeal that the loss of teeth may in some cases constitute a compensable injury as a serious facial or head disfigurement within the meaning of *Delaware Code* § 2326(f).

Claimant maintains that the Industrial Accident Board does not so understand the law, and that the Board is of the opinion that the loss of teeth under the Delaware statute is never compensable as a serious disfigurement. Claimant maintains that although the Board stated that it found as a fact that no disfigurement existed such finding was really an incorrect conclusion of law.

In the alternative, the claimant maintains that if the Board does recognize that the loss of teeth may constitute a compensable disfigurement, it nevertheless abused its discretion in this case by making no award particularly since the teeth here lost were front teeth.

The employer, on the other hand, maintains that the Board found as a fact that no disfigurement had taken place and therefore the Board's decision contains no error of law. The employer further maintains that since it voluntarily provided a denture for the claimant the employer has already given compensation for serious disfigurement.

██ It is clear that the loss of teeth may under some circumstances constitute a compensable serious disfigurement. See 2 *Larson Workmen's Compensation*, § 65.30; *Mabee, Inc., v. Anthony*, 1932, 155 *Okl.* 35, 8 *P.* 2d, 22, 80 *A. L. R.* 968; 116 *A. L. R.* 712. If the Industrial Accident Board had decided this case upon a ruling of law that no claimant is entitled to compensation for the loss of teeth as a serious disfigurement, then there would be reversible error. However, in this case the Board conducted a hearing, inspected the claimant, and concluded as a *fact* that this particular claimant did not sustain *any disfigurement*. Nothing in the record supports claimant's contention that the Industrial Accident Board misapplied or misunderstood the law in this case.

██ It is also clear that whether or not the loss of specific teeth constitutes a serious disfigurement as to a particular individual is a question of fact for the Industrial Accident Board. *Pavik v. Glen Alden Coal Co.*, 1940, 140 *Pa. Super.* 165, 14 *A.* 2d 161; *Davis v. Sanford Construction Company*, 1957, 247 *N. C.* 332, 101 *S. E.* 2d 40. There is no rule that loss of lower front teeth are invariably a serious disfigurement within the meaning of the statute and the record reveals no abuse of discretion by the Board.

██ This Court will not reverse the Industrial Accident Board where there is some evidence to support the Board's findings of fact and where there has been no error of law.

██ However, the employer's contention that in supplying dentures it gave claimant compensation for disfigurement is without merit. Under the undisputed facts, the claimant was entitled to dentures for the lost teeth under the provisions of 19 *Delaware Code*, § 2322(a). The voluntary compliance with the terms of that section is commendable but it does not relieve an employer of any duties which it may be found to have under 19 *Delaware Code*, § 2326(f). If the Board finds in a particular case that the loss of the teeth constitutes a serious disfigurement

within the meaning of 19 *Delaware Code,* § 2326(f), the employer has a duty under section 2326(f), such duty being in addition to its duties under section 2322.

The successful use of dentures may be one of many relevant factors in determining whether a loss of teeth constitutes a serious disfigurement, but once serious disfigurement is found it is separately compensable.

The decision of the Industrial Accident Board is affirmed.