SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

September 24, 2018

Michael A. Briggs
P.O. Box 284
Laurel, DE 19956

RE:   *Michael A. Briggs v. Allen Harim Foods*
      **C.A. No. S18A-07-001 ESB**

Dear Mr. Briggs:

This is my decision on your appeal of the Unemployment Insurance Appeal Board's denial of your claim for unemployment benefits. You were employed by Allen Harim Foods as a box stacker earning $12.30 per hour from March 18, 2010, through December 22, 2017. You were terminated for taking a second unauthorized break while clocked-in for work on December 21, 2017.

The record reflects the following: You are diabetic. On December 21, 2017, some time after completing your authorized lunch break, you left your work station because you were feeling lightheaded and experiencing complications from your diabetes. You stopped by the medical office but no one was present. You then proceeded out to your vehicle to get your medications. You were gone for

approximately 30 to 40 minutes. You did not follow company policy when you went out to your vehicle. Company policy required you to clock-out and clock-in. You were terminated the next day for stealing time.

You then filed a claim for unemployment benefits. Allen Harim Foods opposed your claim. The Claims Deputy, Appeals Referee, and the Board all found you were ineligible for unemployment benefits, reasoning that you were terminated for just cause. You then filed an appeal of the Board's decision with this Court.

## STANDARD OF REVIEW

The Supreme Court and this Court repeatedly have emphasized the limited appellate review of the factual findings of an administrative agency. On appeal from a decision of the Board, this Court is limited to a determination of whether there is substantial evidence in the record sufficient to support the Board's findings, and that such findings are free from legal error.[1] Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[2] The Board's findings are conclusive and will be affirmed if supported by "competent

---

[1] *Unemployment Ins. Appeals Board of the Dept. of Labor v. Duncan*, 337 A.2d 308, 309 (Del. 1975).

[2] *Oceanport Ind. v. Wilmington Stevedores*, 636 A.2d 892, 899 (Del. 1994); *Battista v. Chrysler Corp.*, 517 A.2d 295, 297 (Del. Super. 1986), *app. dism.*, 515 A.2d 397 (Del. 1986).

2

evidence having probative value."[3] The appellate court does not weigh the evidence, determine questions of credibility, or make its own factual findings.[4] It merely determines if the evidence is legally adequate to support the agency's factual findings.[5] Absent an error of law, the Board's decision will not be disturbed where there is substantial evidence to support its conclusions.[6]

## DISCUSSION

This Court's job in reviewing an appeal is to determine if the Board's decision is based upon substantial evidence and free from legal error. According to 19 *Del.C.* § 3314(2), a claimant is not eligible for benefits when he or she is terminated from employment for "just cause." "Just cause" has been defined by this Court as a "wilful or wanton act in violation of either the employer's interest, or of the employee's duties, or of the employee's standard of conduct."[7] A wilful or wanton act requires the employee to be "conscious of [her] conduct or recklessly indifferent to its

---

[3] *Geegan v. Unemployment Compensation Commission*, 76 A.2d 116, 117 (Del. Super. 1950).

[4] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).

[5] 29 *Del. C.* § 10142(d).

[6] *Dallachiesa v. General Motors Corp.*, 140 A.2d 137 (Del. Super. 1958).

[7] *Abex Corp. v. Todd*, 235 A.2d 271, 272 (Del. Super. 1967).

3

consequences."[8]   An action of an employee showing dishonesty and untrustworthiness justifies a dismissal for just cause.[9]   Further, "the credibility of witnesses, the weight to be given their testimony, and the inferences to be drawn therefrom are for the Board's determination."[10]   Hearsay is admissible in administrative hearings.[11]

The Board found that you were terminated for just cause for violating Allen Harim's policies on reporting your break time.  The Board found that Allen Harim had a policy in place against leaving work without punching out on the time clock.  The Board found that you left work without authorization, or more specifically, without following the established clock-out and clock-in procedures.  The Board found that you admitted to leaving work without clocking-out.  The Board found that you failed to notify anyone about your medical emergency.  In addition to your alleged medical emergency break, the Board also found, even though you denied it, that you took a one-hour lunch break when you were only permitted 36 minutes for

---

[8] *Coleman v. Department of Labor,* 288 A.2d 285, 288 (Del. Super. 1972).

[9] See *Barisa v. Charitable Research Foundation, Inc.,* 287 A.2d 679 (Del. Super. 1972).

[10] *Behr v. Unemployment Insurance Appeal Board,* 1995 WL 109026, at *2 (Del. Super. Feb. 7, 1995).

[11] *Jordan v. Town of Milton,* 2012 WL 5494667 (Del. Super. Oct. 31, 2012).

lunch. The Board found your testimony evasive. The Board concluded you violated Allen Harim's time clock policy.

You allege that the Board's decision is wrong because you were fired for a diabetic emergency. I have reviewed your argument and the record and concluded that there is no merit to it. The evidence indicates that you signed the "Policy and Procedures Acknowledgment Form" indicating you received and were aware of Allen Harim's clock-in and clock-out procedures. The evidence indicates that you took your assigned lunch break on December 21, 2017. The evidence indicates, and your testimony confirms, that you took a second break on December 21, 2017. The evidence indicates that you did not follow your employer's clock-out and clock-in procedure for taking a break, thereby making your second break unauthorized. You indicate that you attempted to tell someone in the medical office about your emergency but no one was present. After you returned from your unauthorized break, you again failed to properly inform you employer about your break. The Board's decision that you were terminated for just cause for stealing time from Allen Harim is based upon substantial evidence and free from legal error.

## CONCLUSION

The Unemployment Insurance Appeal Board's decision is AFFIRMED.

IT IS SO ORDERED.

Very truly yours,

E. Scott Bradley

ESB:tll

cc:  Prothonotary's Office
     Allen Harim Foods