SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

October 29, 2018

Ronald Alcenord
209 E. 6th Street
Blades, DE 19973

RE:     ***Ronald Alcenord v. Perdue Farms***
          **C.A. NO. S18A-04-001 ESB**

Dear Mr. Alcenord:

This is my decision on your appeal of the Unemployment Insurance Appeal

Board's denial of your application for further review of the Claim Deputy's denial of

your claim for unemployment benefits. You were employed by Perdue Farms as a

laborer for approximately three years and four months until you were terminated on

December 16, 2017. You were terminated for violating the company's lockout/tagout

policy. You filed a claim for unemployment benefits on December 24, 2017. The

Claims Deputy determined that Perdue Farms met its burden of proving that you were

discharged for "just cause" in a written decision dated January 18, 2018. You had 10

days to file an appeal. You received the Claims Deputy's written decision, but did

not file an appeal of it until February 6, 2018. The Appeals Referee ruled that the

Claims Deputy's decision was final and binding on you because you failed to file a timely appeal. The Board affirmed the Appeals Referee's decision, reasoning that the Claims Deputy's determination that you were ineligible for unemployment benefits had become final and that there was no evidence of error on the part of the Department of Labor that might have delayed your appeal of that determination. You then filed an appeal with this Court.

## STANDARD OF REVIEW

The Supreme Court and this Court repeatedly have emphasized the limited appellate review of the factual findings of an administrative agency. The Court must determine whether the Board's findings and conclusions are free from legal error and supported by substantial evidence in the record.[1] Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[2] The appellate court does not weigh the evidence, determine questions of credibility, or make its own factual findings.[3] It merely determines if the evidence is legally adequate to support the agency's factual findings.[4] Absent an error of law,

---

[1] *Unemployment Insurance Appeal Board v. Martin*, 431 A.2d 1265, 1266 (Del. 1981).

[2] *Oceanport Ind. v. Wilmington Stevedores*, 636 A.2d 892, 899 (Del. 1994); *Battista v. Chrysler Corp.*, 517 A.2d 295, 297 (Del.1986), *app. dism.*, 515 A.2d 397 (Del. 1986)(TABLE).

[3] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).

[4] 29 *Del.C.* § 10142(d).

the Board's decision will not be disturbed where there is substantial evidence to support its conclusions.[5]

## DISCUSSION

Unfortunately, the time for consideration of your argument by either the Board or this Court has passed. 19 *Del.C.* §3318(b) provides that the decision of the Claims Deputy will become final "10 calender days after such Claims Deputy's determination was mailed to the last known addresses of the claimant and the last employer..." The decision of the Claims Deputy was issued on January 18, 2018. Therefore, the written decision became final on January 28, 2018. You did not file an appeal until February 6, 2018, or until nine days after the deadline to do so had passed. The 10-day period for filing an appeal is an express statutory condition of jurisdiction that is both mandatory and dispositive.[6] The Claims Deputy's finding that you were ineligible for unemployment benefits is final and binding on you because you did not file a timely appeal of it.[7] "Where the lateness of the appeal is due to the claimant's unintentional or accidental actions, and not due to an administrative error, the Claims

---

[5] *Dallachiesa v. General Motors Corp.*, 140 A.2d 137 (Del. Super. 1958).

[6] See *Lively v. Dover Wipes Co. and Unemployment Insurance Appeal Board*, 2003 WL 21213415 (Del. Super. Ct. May 16, 2003) and *Wilson v. Franciscan Care Center*, 2006 WL 1134779 (Del. Super. Ct. April 18, 2006).

[7] 19 *Del.C.* § 3318(b).

3

Deputy's determination will become final and § 3318(b) will jurisdictionally bar the claim from further appeal."[8] You acknowledged that you received the Claims Deputy's decision in the mail in a timely manner. You acknowledged that you read the decision of the Claims Deputy. You stated that you did not see the part of the decision indicating the time frame for an appeal. Your delay in filing the appeal was due solely to your inaction. Thus, the Board's finding that you did not file a timely appeal of the Claims Deputy's decision on eligibility is in accordance with the applicable law and supported by substantial evidence in the record.

## CONCLUSION

The Unemployment Insurance Appeal Board's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

Very truly yours,

E. Scott Bradley

ESB:tll

cc:    Prothonotary's Office
       Counsel of Record

---

[8] *Hartman v. Unemployment Insurance Appeal Board*, 2004 WL 772067, at *2 (Del. Super. Ct. April 5, 2004).

4