PRINCE ARRINGTON, JR., EMPLOYEE v. STONE & WEBSTER ENGINEER-
ING CORPORATION, EMPLOYER AND ROYAL INDEMNITY COMPANY,
CARRIER.

(Filed 17 March, 1965.)

**1. Master and Servant § 72—**

The 1963 amendment to G.S. 97-31 has no retroactive effect, and a claim
for compensation for disfigurement occurring prior to the effective date of
the amendment must be determined in accordance with the law as it then
existed.

**2. Same—**

G.S. 97-31(21) making compensation for disfigurement of the head man-
datory, and G.S. 97-31(22) providing for discretionary compensation for
bodily disfigurement, are separate, and the 1957 amendment to the latter
section will not be construed to apply to the former and does not authorize
compensation for injury to an internal organ of the head when such injury
does not result in any disfigurement.

**3. Statutes § 7—**

Where a statute has two distinct subsections dealing with related mat-
ters, an amendment to one of the subsections will not ordinarily be con-
strued to apply to the other also, since it will be presumed that if the
Legislature intended it to apply to both it would have expressed such
intent.

**4. Master and Servant § 72—**

Under G.S. 97-31(21) prior to the 1963 amendment (G.S. 97-31(24)), no
award of compensation may be allowed for the loss of the senses of taste
and smell when the injury causing such loss does not result in any blemish,
blot or scar, since such award may be made only when connected with a
"serious face or head disfigurement", which limitation requires an external
and observable blemish, blot or scar.

**5. Statutes § 5—**

The interpretation given a statute by the officer or agency charged with
its administration will be given due consideration by the courts, but is not
controlling.

APPEAL by plaintiff from *Hubbard, J.*, October 1964 Civil Session of
HALIFAX.

This is a proceeding under the provisions of the Workmen's Com-
pensation Act.

The facts are not in dispute. Plaintiff was an employee of defendant
Stone & Webster Engineering Corporation. He suffered an injury by
accident arising out of and in the course of his employment. On 1
September 1961 a piece of timber fell 39 feet and struck him on the
head. Compensation was awarded by reason of the phlebitic condition
of his leg resulting from the accident and for loss of time and earnings.

Plaintiff lost his senses of taste and smell by reason of the injuries sustained in the accident; these losses are permanent. Plaintiff sustained no loss of time or income by reason of having lost his senses of taste and smell; he has actually earned a greater average weekly wage during the time he has worked since the accident than before.

The Hearing Commissioner declined to award compensation for loss of senses of taste and smell. Upon review the Full Commission reversed the conclusions of the Hearing Commissioner and made a lump sum award of $1000 for such losses, terming them "serious facial or head disfigurement." On appeal, the superior court reversed the opinion and award of the Full Commission and entered judgment in accordance with the opinion and award of the Hearing Commissioner.

*Allsbrook, Benton & Knott for plaintiff.*

*Smith, Moore, Smith, Schell & Hunter and Stephen Millikin for defendants.*

MOORE, J. Plaintiff's argument for reversal of the superior court judgment is but an elaboration of the reasoning, conclusions and findings contained in the following excerpts from the opinion and award of the Full Commission:

"Over the years the Commission has awarded compensation for disfigurements for loss of internal organs or loss of use of said organs when the outward observable blemish or mark was negligible or almost non-existent. Awards have been made in many cases for the loss of the senses of taste and smell as disfigurement. Admittedly there has been some question as to the Commission's authority, as a matter of law, to enter awards where the disfigurement is not of the type that is readily discernible to outward observation. Any such question appears to have been resolved in favor of such awards by virtue of the 1963 amendment to General Statutes 97-31(22) and the addition of General Statutes 97-31(24). These amendments do not apply to the subject case. However, such amendments in the opinion of the Full Commission serve to clarify and make certain the Commission's position with respect to awards for disfigurement in a case such as that now before the Full Commission.

"The loss of plaintiff's senses of taste and smell is a serious loss, perhaps much more serious than the loss of two teeth, as in the case of *Davis v. Construction Company,* 247 N.C. 332 (101 S.E. 2d 40). The senses of taste and smell are very closely allied with the teeth in relation to a worker obtaining proper nourishment to

enable him to gain the strength to work and earn wages. The Workmen's Compensation Act is to be liberally construed."

". . . The complete and permanent loss by plaintiff of his senses of taste and smell is likely to handicap the plaintiff in securing or retaining employment as a laborer, is likely to cause an impairment of his future wage-earning capacity, and constitutes serious facial or head disfigurement."

Under the present law, G.S. 97-31(24), an award of compensation for loss of sense of taste or smell would unquestionably be sustained, where from the circumstances it could be reasonably presumed that the workmen suffered diminution of his future earning power by reason of such loss. In 1963, G.S. 97-31 was amended by striking a clause from subsection (22) thereof and adding subsection (24). S.L. 1963, c. 424. The amending statute is not retroactive. The accident in question occurred in 1961. Therefore, plaintiff's claim based on loss of senses of taste and smell must be considered in the light of the provisions of G.S. 97-31 as they existed prior to the 1963 amendment and at the time of the injury.

The pertinent provisions of G.S. 97-31 are discussed and construed in *Davis v. Construction Co., supra* (1957), which involved a claim for loss of two upper front teeth. The question was whether the loss was compensable as a disfigurement. At the time the opinion was delivered the following subsections of G.S. 97-31 were in force:

"(v)   In case of serious facial or head disfigurement, the Industrial Commission shall award proper and equitable compensation not to exceed three thousand five hundred dollars . . .

"(w)   In case of serious bodily disfigurement, including the loss *of* or permanent injury to any important *external or internal* organ *or part* of the body for which no compensation is payable under the preceding subsections, but excluding the disfigurement resulting from permanent loss or permanent partial loss of use of any member of the body for which compensation is fixed in the above schedule, the Industrial Commission may award proper and equitable compensation not to exceed three thousand five hundred dollars ($3,500.00); provided, that the Industrial Commission may not make an award for permanent partial or permanent total disability, and also for bodily disfigurement resulting from loss of, or permanent injury to, any internal organ, the loss of which, or the injury to which resulted in such permanent partial or permanent total disability."

[Note: Subsections (v) and (w) have since been codified as (21) and (22). S.L. 1957, c. 1221, amended subsection (w) to insert the words which are italicized thereinabove and to add the proviso following the semi-colon; it also increased the maximum payable compensation in (v) and (w) from $2500 to $3500. This 1957 amending statute became effective on 10 June 1957. The *Davis* opinion was filed on 11 December 1957, after the effective date of the amendment. However, the opinion discusses the subsections as they were before the 1957 amendment. But this fact has no significance either in the *Davis* case or the case at bar.]

The following excerpts from the *Davis* opinion have authoritative bearing upon the question for decision in the instant case:

"In express terms, the Commission based its award of $450.00 on G.S. 97-31(w). The factual basis therefor is that plaintiff 'suffered the loss of or permanent injury to an important organ of the body for which no compensation is payable under the provisions of G.S. 97-31(a) through (v).'

"With reference to (w), it would seem that 'the loss or permanent injury to any important organ of the body for which no compensation is payable under the preceding subsections' may be the basis for a separate award only if it results in 'serious bodily disfigurement.' Such loss or permanent injury to an important organ of the body is not something different from or in addition to 'serious bodily disfigurement' but rather, as indicated by the word 'including,' an instance of what may constitute 'serious bodily disfigurement.' While (v) does not refer in express terms to the loss of or permanent injury to any important organ of the face or head, we think it clear that such loss, if in fact a 'serious facial or head disfigurement,' is compensable thereunder.

"If plaintiff's loss of his two upper front teeth constitutes serious disfigurement within the meaning of G.S. 97-31, it would seem inescapable that this would be a 'serious facial or head disfigurement' compensable under (v) rather than a 'serious bodily disfigurement' compensable under (w).

". . . it appears clearly that the full Commission considered (w) rather than (v) the pertinent provision and that it interpreted (w) as authority for an award for loss or permanent injury to any important organ of the *body,* for which no specified compensation for a definite period was payable under the preceding subsections of G.S. 97-31, without regard to whether such loss constituted 'serious bodily disfigurement.' Hence, the full Commission's find-

ings of fact were made under misapprehension as to the applicable law . . ."

"Under our decisions, there is a serious disfigurement in law only when there is a serious disfigurement in fact. A serious disfigurement in fact is a disfigurement that mars and hence adversely affects the appearance of the injured employee to such extent that it may be reasonably presumed to lessen his opportunities for remunerative employment and so reduce his future earning power. True, *no present loss of wages* need be established; but to be *serious,* the disfigurement must be of such nature that it may be fairly presumed that the injured employee has suffered a diminution of his future earning power. *Stanley v. Hyman-Michaels Co., supra,* (222 N.C. 257, 22 S.E. 2d 570); *Branham v. Panel Co., supra,* (223 N.C. 233, 25 S.E. 2d 865); Larson, Workmen's Compensation Law, Vol. 2, Sec. 58.32; also see (dictum) *Marshburn v. Patterson,* 241 N.C. 441, 448, 85 S.E. 2d 683."

Among other things, the *Davis* case holds, in effect, that subsection (w) deals with disfigurement of the *body* as distinguished from disfigurement of the *head.* Subsection (v) deals exclusively with disfigurement of the face and head. The distinction is implicit in the statute; the General Assembly made provision for compensation for disfigurement of the head and body in separate subsections, and made compensation for head disfigurement *mandatory* and compensation for bodily disfigurement *discretionary.* The 1957 amendment of subsection (w) does not so extend its meaning as to override the distinction. Had the General Assembly intended to extend the amendatory provisions to subsection (v), it would have expressly or by reference incorporated them therein. "Where there are two provisions in a statute, one of which is special or particular and the other general, which, if standing alone, would conflict with the particular provision, the special will be taken as intended to constitute an exception to the general provision, as the General Assembly is not presumed to have intended a conflict." 4 Strong: N. C. Index, Statutes, § 5, pp. 182, 183.

The Commission undoubtedly recognized the distinction discussed above, for it held that the loss of the senses of taste and smell "constitute serious facial or head disfigurement within the meaning of the Workmen's Compensation Act, for which proper and equitable compensation is $1000.00. G.S. 97-31(21)." As noted above, subsection (21) was formerly subsection (v). We agree that the organs of taste and smell are organs of the head. But we do not agree that loss of the senses of taste and smell is compensable under the subsection applicable to head disfigurement. That subsection provides for compensation only in case of "serious facial or head disfigurement." As stated in *Davis,*

"there is a serious disfigurement in law when there is a serious disfigurement in fact." "A disfigurement . . . is a blemish, a blot, a scar or a mutilation that is external and observable, marring the appearance." *Branham v. Panel Co.*, 223 N.C. 233, 25 S.E. 2d 865. Loss of the senses of taste and smell is not *in fact* a disfigurement of the face or head.

We are urged to reverse the superior court judgment because the Industrial Commission has heretofore made awards "in many cases for the loss of the senses of taste and smell as disfigurement." The Commission's interpretation of the statute is persuasive but not controlling. "The interpretation by the department responsible for the administration of a legislative act is helpful to a court when called upon to construe legislative language. *In re Application for Reassignment*, 247 N.C. 413, 420, 101 S.E. 2d 359. The construction placed upon legislation by the officer charged with administration thereof will be given due consideration by the courts, although such construction is not controlling. If there should be a conflict between administrative interpretation and the interpretation of the courts, the latter will prevail. *Campbell v. Currie*, 251 N.C. 329, 333, 111 S.E. 2d 319." *Faizan v. Insurance Co.*, 254 N.C. 47, 57, 118 S.E. 2d 303. The interpretation of the Commission is in conflict with the decisions of this Court.

Affirmed.