SANDRA ELAINE CLOUTIER, EMPLOYEE, PLAINTIFF v. STATE OF NORTH CAROLINA, DIVISION OF PRISONS, SELF-INSURED, EMPLOYER, DEFENDANT

No. 8110IC433

(Filed 18 May 1982)

1. **Master and Servant § 73—workers' compensation—permanent injury to important internal organs—insufficiency of findings**

   The Industrial Commission made insufficient findings of fact as to whether plaintiff sustained permanent injury to important internal organs, including her ethmoid and maxillary sinuses, her sense of taste and smell, and her innner ear which caused disequilibrium, since it cannot be determined from the findings and the evidence in the case whether the Commission denied compensation on the ground that there was no permanent injury to the sinuses, sense of taste and smell, or inner ear or whether it denied compensation on the ground that none of these were important internal organs.

2. **Master and Servant § 72— workers' compensation—permanent partial disability—insufficient findings**

   The Industrial Commission made insufficient findings of fact for a proper determination as to whether plaintiff should be awarded compensation for permanent partial disability under G.S. 97-30 where the Commission found only that there was no competent evidence "to show permanent partial disability based on condition of plaintiff's inner ear," plaintiff contended that her permanent partial disability was based not only on the problems with her inner ear

but also on other permanent injuries including sinusitis, severe headaches, inability to wear prescription glasses, heavy sinus drainage causing pain in the throat and nausea, facial pains, and lack of hand-eye coordination, and there was evidence that plaintiff has a reduced capacity for work because of these symptoms combined with pain and suffering and the effects of medicine.

3. **Master and Servant § 73— workers' compensation—important internal organs—sinuses—sense of taste and smell**

The ethmoid and maxillary sinuses are important internal organs for which compensation may be paid under G.S. 97-31(24). The loss of the sense of taste and smell is also compensable under G.S. 97-31(24) as the loss of an important internal organ.

4. **Master and Servant § 72— workers' compensation—permanent partial disability—earnings not diminished**

No compensation could be paid for permanent partial disability where the evidence showed that plaintiff had retained her job and was earning more at the time of the hearing than at the time of her injury. However, if the Industrial Commission found facts upon which plaintiff was entitled to recover for permanent partial disability, it could retain jurisdiction for future adjustments in the event plaintiff's earnings should diminish.

5. **Master and Servant § 97.2— workers' compensation—reopening hearing for additional evidence**

The Full Industrial Commission erred in refusing to reopen a workers' compensation hearing to take additional evidence where the proposed evidence bore directly on plaintiff's condition which was in question before the Full Commission, the evidence was not available at the time of the original hearing, the evidence was not cumulative, and there could be a different result if the evidence is considered. G.S. 97-85; Industrial Commission Rule XX(6).

6. **Master and Servant § 99— workers' compensation—agreement for attorney's fee**

The Industrial Commission erred in failing to approve an agreement for the attorney's fee in a workers' compensation proceeding where the Commission made no finding as to the reasonableness or unreasonableness of the agreement pursuant to G.S. 97-90(c).

7. **Master and Servant § 99— workers' compensation—costs of deposition—travel expenses of attorney**

The travel expenses of plaintiff's attorney in taking the deposition of a witness in another state should have been taxed as a part of the cost of taking the deposition under G.S. 97-80.

APPEAL by plaintiff from order of North Carolina Industrial Commission entered 7 November 1980. Heard in the Court of Appeals 10 December 1981.

This appeal results from an opinion and award to plaintiff for injuries she received while she was employed at a prison unit in

Maury, North Carolina. A hearing was held by Deputy Commissioner Angela R. Bryant. The plaintiff's evidence showed that on 30 November 1977 she was working as a clerk in the prison unit at which time she was assaulted by a prisoner and was beaten severely about her head. A deposition of Dr. James Walker Ralph was taken and offered into evidence. Dr. Ralph testified that he first saw the plaintiff on 1 December 1977. At that time she had several broken bones in her face including a broken nose. He operated on her on 2 December 1977 to correct a right zygomatic arch fracture in order to let her have movement of her jaw. On 29 March 1978 he performed a procedure to correct the fractures to her nose. He performed a third operation on the plaintiff on 13 February 1979 to allow her sinuses to drain properly which would relieve the pain to her nose. Dr. Ralph testified that in his opinion the plaintiff suffers disabilities which are permanent as a result of the assault on her. He testified the disabilities are as follows:

"1. Sinus problems on both sides of her nose and her right cheek bone.

2. Headaches.

3. Scars in both nostrils.

4. A bump on the right side at the bridge of her nose, and an indention on the left side which prevents her from wearing glasses for any length of time.

5. A scar above the hairline over the right ear.

6. A deviated septum which is becoming more pronounced to the left.

7. Pain in her right upper teeth, due to the sinus problem.

8. The right cheek bone is lower or flatter than the left.

9. Very heavy sinus drainage every morning and during the day which causes throat problems and even nausea.

10. An arthritic like pain in the right side of her face which prevents her from sleeping on that side of the face and causes aches and pains before any change in the weather conditions.

11. She has not been able to go swimming and cannot stand the water from a shower on her face."

---

Cloutier v. State

---

Dr. Ralph also testified that the plaintiff suffered from an inner ear problem causing disequilibrium which was being treated by Dr. Walter Sabiston. He testified that in his opinion, based on the length of time she had suffered from it, this would very likely be a permanent condition but he would defer to the opinion of Dr. Sabiston who was treating the plaintiff for this problem. Dr. Ralph testified further that in his opinion the plaintiff's injuries decreased her "working capability or her earning capacity."

Letters from Dr. Walter Sabiston were received into evidence without objection. In a letter dated 5 February 1979 he stated that he assumed she had a mild labrynthine disturbance; that it had been his experience that with this injury there is no permanent impairment. He stated further that she should respond to Antivert and be able to resume normal activities within six to eight weeks. He stated further that with the onset of further symptoms, she should consult with a neurosurgeon or neurologist. He wrote on 26 March 1980 that she still had a "mild disequilibrium that has been controlled by Antivert." He stated he "would expect the inner ear to respond to time" but could not put a time limit on it and would advise the plaintiff to continue with medical evaluation.

Deputy Commissioner Bryant found that the plaintiff had suffered serious head disfigurements which would tend to hamper plaintiff in her earnings and in seeking employment for which she should be compensated in the amount of $7,600.00. She also found as a fact that the plaintiff had suffered permanent damage to her sinuses which will cause excessive drainage, chronic headaches, and pain in her teeth. She found that the sinuses are important internal organs of the body for which no compensation is payable under any subdivision of G.S. 97-31 other than subdivision (24). She held that $6,000.00 was proper compensation for this part of the plaintiff's injuries. She found as a fact that plaintiff had suffered serious damage to her inner ear which had resulted in dizziness and nausea on a daily basis for two years. She found this injury was permanent, that the inner ear is an important internal organ for which no compensation is payable except under G.S. 97-31(24). She held that $3,500.00 was proper and equitable compensation for the permanent damage to the plaintiff's inner ear. Deputy Commissioner Bryant found that plaintiff had suffered no

loss of wages and concluded she was not disabled. She awarded the plaintiff compensation in the amount of $17,100.00.

The plaintiff and defendant appealed. When the matter came on for hearing before the Full Commission, the plaintiff filed a motion asking that in the event the Commission should find there was insufficient evidence to make an award for permanent partial incapacity, that the Full Commission would grant a new hearing and take further evidence. She supported this motion with three affidavits. One of the affidavits was by Dr. Sabiston in which he said that he could not say when, if ever, the symptoms of vertigo and dizziness would terminate. She filed her own affidavit which described her symptoms as they were at the time the affidavit was made shortly before the hearing before the Full Commission. She also filed an affidavit by Dr. Samuel B. McLamb, Jr. which described treatment he had given the plaintiff including drugs he had prescribed to her since the hearing before Deputy Commissioner Bryant. The motion to have a new hearing and take further evidence was denied.

The Full Commission struck in its entirety the opinion and award of Deputy Commissioner Bryant. It found the plaintiff had suffered serious disfigurement of the head which is permanent and would hamper the plaintiff in seeking employment. It held that $5,000.00 was a proper and equitable compensation for this injury. As to the evidence of the plaintiff's other injuries, the Full Commission found that the pain to her nose was such that she could not wear eyeglasses and would have to purchase contact lenses, that she had a pain in her right cheek that interfered with sleep and is extremely painful when exposed to either heat or cold. It found her face would swell when exposed to cold weather. It also found she had experienced a loss of her sense of taste and smell. The Full Commission found the plaintiff had not suffered the loss of or permanent injury to an important internal or external organ. The Full Commission also found "there is no competent evidence of record in this case at this time to show permanent partial disability based on condition of plaintiff's inner ear." It awarded the plaintiff $5,000.00.

The plaintiff appealed.

*Freeman, Edwards and Vinson, by George K. Freeman, Jr., for plaintiff appellant.*

*Attorney General Edmisten, by Assistant Attorney General Ralf F. Haskell, for the State.*

WEBB, Judge.

At the outset we note that the plaintiff has not made any argument that there was error in the Industrial Commission's finding of fact or award as to the disfigurement to the plaintiff's head. We affirm this portion of the opinion and award.

As to the other features of this case, we hold the Industrial Commission failed to make sufficient findings of fact for us to determine whether the rights of the parties were properly determined. *See Thomason v. Cab Co.,* 235 N.C. 602, 70 S.E. 2d 706 (1952) and *Morgan v. Furniture Industries, Inc.,* 2 N.C. App. 126, 162 S.E. 2d 619 (1968). The appellant contends she sustained permanent injury to important internal organs including her ethmoid and maxillary sinuses; her inner ear which causes permanent disequilibrium; and her sense of taste and smell. She argues that she should be compensated for these injuries under G.S. 97-31(24). She also argues that as a result of all her injuries, she has a permanent partial incapacity for work for which she should be compensated under G.S. 97-30.

[1] It may be that on different evidence, findings of fact as were made in the instant case would be sufficient, but in this case we cannot so hold. In this case there was substantial uncontradicted evidence that the plaintiff had received permanent damage to her ethmoid and maxillary sinuses. The only finding of fact that related specifically to this injury was a finding that her sinuses were fractured. There was evidence that plaintiff suffered damage to her inner ear which caused dizziness which had lasted to the time of the hearing. The Commission's finding of fact on this evidence was that the plaintiff suffered a concussion of the inner ear which causes dizziness. There was also evidence that plaintiff has suffered a permanent loss of her taste and smell. The Commission's finding of fact on this evidence is that the "Plaintiff also experiences a loss of her sense of taste and smell." Under its findings of fact the Commission found that the plaintiff had "not suffered the loss of or permanent injury to an important external

or internal organ." On the evidence in this case and the findings of fact, we do not know whether the Commission reached this result because it did not consider there was permanent injury to the sinuses, inner ear, or the plaintiff's sense of taste and smell or whether the Commission did not consider any of these important internal organs. We believe there should be more complete findings of fact on the evidence as to these features of the case.

[2] As to the plaintiff's contention that she has suffered permanent partial disability, the Commission found that "there is no competent evidence of record in this case at this time to show permanent partial disability based on condition of plaintiff's inner ear." The plaintiff contends that her permanent partial disability is based not only on the problems with her inner ear but also on her other permanent injuries including sinusitis; severe headaches; inability to wear prescription glasses; heavy sinus drainage causing pain in the throat and nausea; facial pains; and lack of hand-eye coordination. The evidence is that plaintiff has to take medication for these symptoms and combined with the pain and suffering and the effects of the medicine, she has a reduced capacity for work. We believe there should be findings of fact on this evidence in order that we may determine whether the Commission has properly awarded or denied compensation for permanent partial disability under G.S. 97-30.

[3] The defendant contends there should be no award for the damage to the sinuses. It says this is so because they are not important internal organs. The defendant bases this contention on the testimony of Dr. Ralph that their only known function is to lighten the weight of the facial bones. Dr. Ralph also testified that these were important internal parts of the body. He testified further that there were nerves that run through the ethmoid sinus which were damaged as a result of the trauma causing persistent pain in her teeth. He testified further that some of the mucous production which causes excess drainage was due to the trauma to her ethmoid sinus. We believe that this testimony as to the consequences of damage to the sinuses demonstrates they are important internal organs.

We believe the loss of sense of taste and smell is compensable as the loss of an important internal organ. *See Arrington v. Engineering Corp.*, 264 N.C. 38, 140 S.E. 2d 759 (1965). The Com-

---

---

mission should make findings of fact on the evidence as to this feature of the case.

The defendant contends it was not error for the Commission not to find permanent damage to the plaintiff's inner ear because the record does not show that she had suffered permanent damage. The evidence is equivocal on this point. Dr. Ralph testified it is very likely a permanent condition but that he would defer to Dr. Sabiston's opinion. Dr. Sabiston stated in his letter that he did not think it would be permanent. In the affidavit from Dr. Sabiston which the plaintiff asked to be considered by the Full Commission, he stated that the condition had not cleared up some three years after the assault and he could not say the symptoms would ever terminate. The Commission may make findings of fact on the part of the case after considering Dr. Sabiston's testimony with the other evidence.

As to the claim of plaintiff for permanent partial disability, there was evidence that because of the pain and the drugs the plaintiff took to relieve the pain, she did not have her full capacity for work. The Commission's only finding of fact as to disability was that there was "no competent evidence of record in this case at this time to show permanent partial disability based on condition of plaintiff's inner ear." We believe there should be more complete findings of fact as to whether the plaintiff has suffered permanent injury from any or all her injuries. We note that if the Full Commission finds sufficient facts based on competent evidence that the plaintiff has suffered injuries which are compensable under G.S. 97-31 and finds she has not been permanently partially disabled for any other reason, she may not receive compensation for permanent partial disability under G.S. 97-30. *See Perry v. Furniture Co.*, 296 N.C. 38, 249 S.E. 2d 397 (1978).

[4] The evidence shows that the plaintiff had retained her job and was earning more at the time of the hearing than at the time of injury. For this reason, no compensation may be paid for permanent partial disability. If the Full Commission should find facts upon which the plaintiff is entitled to recover for permanent partial disability, it may retain jurisdiction for future adjustments in the event the plaintiff's earnings should diminish. *See Branham v. Panel Co.*, 223 N.C. 233, 25 S.E. 2d 865 (1943).

[5] The plaintiff assigns error to the Full Commission's refusal to reopen the hearings to take additional evidence. We believe this assignment of error has merit. G.S. 97-85 provides that when there is an appeal to the Full Commission it shall receive further evidence "if good ground be shown therefor." In the instant case two letters from Dr. Sabiston were received in evidence at the hearing before Deputy Commissioner Bryant. These letters were equivocal as to the permanency of the plaintiff's disequilibrium. At the hearing before the Full Commission the plaintiff offered an affidavit from Dr. Sabiston in which as a result of further treatment and examination of the plaintiff after the hearing before Deputy Commissioner Bryant, he was able to give a more definitive opinion in regard to her condition. The plaintiff also offered to introduce into evidence testimony from Dr. Samuel B. McLamb in regard to treatment she had received from Dr. McLamb after the hearing before Deputy Commissioner Bryant and her own testimony as to her treatment and symptoms during this time. All this evidence bore directly on the plaintiff's condition which was in question before the Full Commission. It was not available at the hearing before Deputy Commissioner Bryant. We believe this was "good ground" for taking further evidence. Rule XX(6) of the Rules of the Industrial Commission provides that "motions to take additional evidence on appeal before the Full Commissioner [sic] will be governed by the general law of the State for the granting of new trials on the grounds of newly discovered evidence." We believe that under this rule the motion should have been allowed. The evidence was not cumulative; the plaintiff could not have obtained it prior to the hearing before Deputy Commissioner Bryant; and there could be a different result if this evidence is considered. *See* 12 Strong's N.C. Index 3d, *Trials* § 49 (1978) for a discussion of new trials for newly discovered evidence.

[6] The plaintiff's last assignment of error deals with the attorney's fee and the costs. The plaintiff and her attorney entered into a contract under the terms of which her attorney was to receive one-third of the amount received subject to the approval of the Industrial Commission. The Full Commission allowed the plaintiff's attorney a fee of $1,500.00 which was less than one-third of the recovery. G.S. 97-90(c) provides in part:

"If an attorney has an agreement for fee or compensation under this Article, he shall file a copy or memorandum thereof with the hearing officer or Commission prior to the conclusion of the hearing. If the agreement is not considered unreasonable, the hearing officer or Commission shall approve it at the time of rendering decision. If the agreement is found to be unreasonable by the hearing officer or Commission, the reasons therefor shall be given and what is considered to be reasonable fee allowed."

The Full Commission made no finding of reasonableness or unreasonableness as to the agreement for the attorney's fee. It was therefore error under G.S. 97-90(c) not to approve the agreement.

[7]   The plaintiff also contends the Full Commission did not tax all the costs of taking the deposition of Dr. Ralph. Prior to the hearing before Deputy Commissioner Bryant, Dr. Ralph moved to Florida. Deputy Commissioner Bryant ordered that Dr. Ralph's deposition be taken in Florida. The Full Commission ordered the cost of the transcript to be taxed as a part of the costs. It did not allow as a part of the costs the travel expenses of the plaintiff's attorney in taking the deposition. We believe this deposition was vital to the hearing. The travel expenses of the attorney who took the deposition is part of the cost of taking the deposition under G.S. 97-80 and should have been so taxed by the Full Commission.

For the reasons stated in this opinion, we reverse the opinion and award of the Industrial Commission and remand for further proceedings.

Reversed and remanded.

Judges VAUGHN and HILL concur.