TERRY M. KEY, EMPLOYEE v. McLEAN TRUCKING, EMPLOYER, SELF-INSURED

No. 8210IC225

(Filed 1 March 1983)

**Master and Servant § 73.1— workers' compensation—damage to cranial nerve—double vision—diminution of earning capacity**

An injury to plaintiff truck driver's sixth cranial nerve which causes plaintiff to have double vision when he exceeds eight degrees to the right and ten degrees to the left was compensable under G.S. 97-31(24) as an injury to an important part of the body, and it was proper for the Industrial Commission to consider diminution of earning capacity in making an award for permanent partial disability resulting from such injury.

APPEAL by plaintiff from opinion and award of the North Carolina Industrial Commission filed 25 November 1981. Heard in the Court of Appeals 13 January 1983.

The plaintiff was injured on 10 February 1977 in his capacity as a truck driver for the defendant. After paying temporary total disability periodically over a period of two years, the self-insured defendant requested that the claim be assigned for a hearing before the Industrial Commission because the parties could not agree on the degree of permanent partial injury.

A hearing was held before Deputy Commissioner Ben E. Roney, Jr. on 1 May 1981 in Winston-Salem. Plaintiff offered the testimony of Dr. Leon Cashwell, Jr. an ophthalmologist at Bowman Gray School of Medicine and Baptist Hospital in Winston-Salem. Cashwell described his treatment of the plaintiff, which included two operations.

According to Cashwell, the plaintiff has permanent damage to the sixth cranial nerve, resulting in diplopia, *i.e.*, double vision, when he exceeds eight degrees to the right and ten degrees to the left. He testified that this condition would be disabling in plaintiff's profession of driving a truck because of the need for constantly monitoring mirrors and traffic.

A letter from Dr. A. C. Chandler, Jr. of Duke University Medical Center to Dr. Albert P. Glod was stipulated into evidence. The letter outlined the results of tests that Chandler performed on the plaintiff on 2 December 1980. Because the plaintiff did not have the central thirty degrees of his visual field binocular, free of diplopia, Chandler's letter stated: "According to the recommendations from the AMA and other disability companies . . . one has to assume that this is 100% disability."

The plaintiff testified that he is presently employed as a dock worker for the defendant and that if he were driving as regularly as he did before the accident, he would earn between $750 and $800 per week. His current earnings are $12.74 per hour which result in a weekly rate of about $500.

In an opinion and award filed on 22 July 1981, Deputy Commissioner Roney awarded the plaintiff $7,500, the value of the diminution of his future earning capacity. The award concluded that the injury was not a loss of an eye or loss of vision of an eye

under G.S. 97-31. Roney found that the plaintiff was capable of earning wages as a road driver when he returned to work as a dock worker on 21 February 1979.

Upon the plaintiff's application for review, the Full Commission affirmed the opinion and award of Deputy Commissioner Roney on 25 November 1981. Plaintiff gave notice of appeal to this Court.

*Douglas P. Dettor and Judith G. Behar, for plaintiff-appellant.*

*Wayne H. Foushee for defendant-appellee.*

ARNOLD, Judge.

The plaintiff argues that it was improper to consider diminution of earning capacity in the award when his injury was compensable under G.S. 97-31(24). We disagree.

The relevant portion of G.S. 97-31 states:

In cases included by the following schedule the compensation in each case shall be paid for disability during the healing period and in addition the disability shall be deemed to continue for the period specified, and *shall be in lieu of all other compensation . . .*

(24) In case of the loss of or permanent injury to any important external or internal organ or part of the body for which no compensation is payable under any other subdivision of this section, the Industrial Commission may award proper and equitable compensation not to exceed ten thousand dollars ($10,000) (emphasis added).

Although disability compensation under G.S. 97-31 is awarded for physical impairment irrespective of ability to work or loss of wage earning power, *Crawley v. Southern Devices, Inc.*, 31 N.C. App. 284, 229 S.E. 2d 325 (1976), *disc. rev. denied*, 292 N.C. 467, 234 S.E. 2d 2 (1977); *Loflin v. Loflin*, 13 N.C. App. 574, 186 S.E. 2d 660, *cert. denied*, 281 N.C. 154, 187 S.E. 2d 585 (1972), we find nothing in the statute or the case law that forbids consideration of loss of earning capacity.

G.S. 97-31 provides that recovery for an injury compensable under one of its subsections "shall be in lieu of all other compen-

sation. . . ." Because the award concluded that the plaintiff's injury was to an important part of the body and there is competent evidence to support this finding, his injury falls within subsection (24) and is compensable.

Cases cited by the plaintiff for the contention that earning capacity cannot be considered here are unpersuasive. All three cases that he cites stand only for the proposition that a claimant can recover under G.S. 97-31 without proving a loss of earning capacity. Those cases also deal with other subsections of G.S. 97-31 than the case *sub judice. See Perry v. Furniture Co.*, 296 N.C. 88, 249 S.E. 2d 397 (1978); *Hollman v. City of Raleigh*, 273 N.C. 240, 159 S.E. 2d 874 (1968); *Watts v. Brewer*, 243 N.C. 422, 90 S.E. 2d 764 (1956).

Our courts have not explicitly stated that earning capacity can be considered in a G.S. 97-31(24) award. But two cases support our holding. Although *Shuler v. Talon Div. of Textron*, 30 N.C. App. 570, 227 S.E. 2d 627 (1976), was decided on a different question than the one before us, the court there implicitly approved an award of $3,500 for diminution of earning capacity for a G.S. 97-31(21) and (22) injury. We also note *dictum* in *Arrington v. Engineering Corp.*, 264 N.C. 38, 140 S.E. 2d 759 (1965), that "Under the present law, G.S. 97-31(24), an award of compensation for loss of sense of taste or smell would unquestionably be sustained, where from the circumstances it could be reasonably presumed that the workmen suffered diminution of his future earning power by reason of such loss." 264 N.C. at 40, 140 S.E. 2d at 760.

The claimant's other three arguments attack two findings of fact and one conclusion of law. He contends that it was error to find as a fact that:

14. Claimant was capable of earning wages as a road driver when he returned to work on 21 February 1979 as a dock worker. . . .

16. Claimant experienced permanent injury to an important part of the body (sixth cranial nerve) that may be reasonably presumed to cause a diminution of his future earning capacity, the value of which is $7,500.00.

He also argues that it was error to conclude: "1. The permanent injury to claimant's sixth cranial nerve did not result in loss of an eye or loss of vision of an eye."

On an appeal from an award of the Industrial Commission, our review is limited to the questions "(1) whether there was competent evidence before the Commission to support its findings and (2) whether such findings support its legal conclusions." *Perry*, 296 N.C. at 92, 249 S.E. 2d at 400 and cases cited therein. *See also* G.S. 97-86 (An award is "conclusive and binding as to all questions of fact."). Based on our examination of the record before us, we hold that the evidence supports the Commission's findings and that the findings support its conclusions of law. As a result, we affirm the Commission's opinion and award.

Affirmed.

Judges HILL and WHICHARD concur.