The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hedrick. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing, by post-hearing agreement, in an Industrial Commission Form 21 Agreement for Compensation for Disability, approved by the Industrial Commission on 7 February 1992, and in two Industrial Commission Form 26 Supplemental Memoranda of Agreement, approved by the Industrial Commission on 2 July 1992 and 13 November 1992, as
STIPULATIONS
1. On 10 January 1992, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff and defendant-employer on 10 January 1992.
3. On 10 January 1992, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer.
4. At such time, plaintiff's average weekly wage was $430.05, which yields a compensation rate of $286.71.
5. A set of plaintiff's medical records from Dr. Erwin R. Elber, marked as Stipulated Exhibit Number One, are stipulated into evidence.
6. A set of plaintiff's medical records from Dr. William Primos and Dr. John D. Meade, collectively marked as Stipulated Exhibit Number Two, are stipulated into evidence.
7. Dr. Erwin R. Elber, M.D., is an expert who is qualified to render expert opinions regarding the cause of plaintiff's loss of the senses of smell and taste and plaintiff's injuries, treatment, and prognosis for recovery.
8. The deposition of Dr. Erwin R. Elber, M.D. is received into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of compensable injury giving rise to this claim, plaintiff was twenty-six years old. On 10 January 1992, plaintiff was employed by defendant-employer as a mechanic.
2. On 10 January 1992, plaintiff was repairing a forklift which was part of the ordinary duties of his position with defendant-employer. While plaintiff was repairing the forklift, the forklift's forks were in an elevated position. Without warning, the forklift's forks fell and struck plaintiff causing him to fall on the concrete floor.
3. As a result of the 10 January 1992 incident, plaintiff sustained a fracture of his medial malleolus, a bone in his left ankle. Plaintiff also sustained fractures of his facial skeleton, including a nasal and nasal septal fracture. Plaintiff's facial fractures required surgical intervention which was performed by Dr. Elber on 2 February 1992.
4. As a result of plaintiff's facial injuries or the corrective surgery, plaintiff sustained permanent damage to his olfactory organ that caused plaintiff the permanent loss of his senses of taste and smell, which is the loss of an important organ for which no compensation is payable under any other subdivision of N.C. Gen. Stat. § 97-31.
5. As a result of the fracture of plaintiff's left medial malleolus, plaintiff has a three percent permanent partial disability of his left ankle.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 10 January 1992, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2 (6).
2. As a result of his compensable injury of 10 January 1992, plaintiff sustained the permanent loss of his senses of taste and smell, which is the loss of an important organ for which no compensation is payable under any other subdivision of N.C. Gen. Stat. § 97-31, for which he is entitled to equitable compensation in the amount of $20,000.00. N.C. Gen. Stat. §97-31 (24); Arrington v. Engineering Corp., 264 N.C. 38,140 S.E.2d 759 (1965); Cloutier v. State, 57 N.C. App. 239,291 S.E.2d 362, cert. denied, 306 N.C. 555, 294 S.E.2d 222 (1982).
3. As a result of his compensable injury on 10 January 1992, plaintiff has a three percent permanent partial disability of his left foot for which he is entitled to receive permanent partial disability compensation at the rate of $286.71 per week for a period of 4.32 weeks. N.C. Gen. Stat. § 97-31 (14).
4. Plaintiff is entitled to payment of all medical expenses resulting from his compensable injury on 10 January 1992, for so long as such examinations, evaluations and treatments tend to effect a cure, give relief, or will tend to lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25; N.C. Gen. Stat. §97-2 (19).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay plaintiff the sum of $20,000.00 for loss of an important organ. This sum shall be paid in one lump sum subject to the attorney fee approved in Paragraph 4.
2. Defendant shall pay permanent partial disability compensation to plaintiff for a period of 4.32 weeks at the rate of $286.71. Said amount shall be paid in a lump sum, subject to the attorney fee approved in Paragraph 4.
3. Defendant shall pay all medical expenses incurred, or to be incurred, by plaintiff as a result of his compensable injury on 10 January 1992 for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or will give relief and will tend to lessen plaintiff's period of disability.
4. A reasonable attorney fee of twenty-five percent of the compensation due plaintiff under Paragraphs 1 and 2 of this Award shall be paid as follows: twenty-five percent of the lump sum due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel.
5. Defendant shall pay the costs due this Commission.
 S/ __________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ __________________ J. HOWARD BUNN JR. CHAIRMAN
S/ __________________ THOMAS J. BOLCH COMMISSIONER