BESS v. TYSON FOODS, INC.

[125 N.C. App. 698 (1997)]

MICHAEL T. BESS, Plaintiff-Employee v. TYSON FOODS, INCORPORATED, SELF-INSURED, Defendant-Employer

No. COA96-137

(Filed 18 March 1997)

**Workers' Compensation § 246 (NCI4th)— permanent loss of senses of taste and smell—attributable to olfactory organ—single injury**

The Industrial Commission's finding that plaintiff's permanent loss of his senses of taste and smell was compensable as a single injury pursuant to N.C.G.S. § 97-31(24) was proper where the evidence indicated that defendant's loss of his senses of taste and smell was attributable to damage to one organ—the olfactory organ.

**Am Jur 2d, Damages § 275.**

**Loss of enjoyment of life as distinct element or factor in awarding damages for bodily injury. 34 ALR4th 293.**

Appeal by plaintiff from Opinion and Award entered 12 October 1995 by the North Carolina Industrial Commission. Heard in the Court of Appeals 10 October 1996.

*Law Office of Keith M. Stroud, by Jerry W. Whitley, for plaintiff-appellant.*

*McElwee & McElwee, by Karen Inscore McElwee, for defendant-appellee.*

JOHN, Judge.

Plaintiff appeals an Opinion and Award of the North Carolina Industrial Commission (the Commission), contending the Commission should have treated his permanent loss of the sense of taste and the sense of smell as two separate compensable injuries under G.S. § 97-31(24) (1991). We affirm the Commission.

Pertinent facts and procedural information are as follows: Plaintiff was injured in the course of employment with defendant when struck by a forklift and thrown against a concrete floor. Plaintiff's left ankle was fractured and he suffered multiple fractures of his facial skeleton, the latter requiring surgery. As a result either of the facial injury or the corrective surgery, plaintiff sustained damage

to his olfactory organ causing permanent loss of the senses of taste and smell. Plaintiff subsequently returned to full employment with defendant.

Upon hearing and order by a deputy commissioner and review by the full Commission, plaintiff was awarded benefits based upon a three percent permanent partial disability to his left foot, and also received $20,000 for "loss of an important organ." The latter amount was granted pursuant to N.C.G.S. § 97-31(24), which provides:

> In case of the loss of or permanent injury to any important external or internal organ or part of the body for which no compensation is payable under any other subdivision of this section, the Industrial Commission may award proper and equitable compensation not to exceed twenty thousand dollars ($20,000).

Our task in reviewing the decision of the Commission is two-fold. First, we determine whether there is any competent evidence in the record to support the Commission's findings of fact; if so, we then must decide whether such findings are legally sufficient to support the Commission's conclusions of law. *Pittman v. Thomas & Howard,* 122 N.C. App. 124, 129, 468 S.E.2d 283, 286, *disc. review denied,* 343 N.C. 513, 472 S.E.2d 18 (1996). In the former regard, we must bear in mind that the Commission, and not this Court, adjudges the credibility of witnesses and assigns the weight to be given their testimony. *Id.*

The Commission found as a fact that plaintiff's loss of his senses of taste and smell was caused by permanent damage to his olfactory organ. Competent evidence in the record supports this finding. Plaintiff's physician, Dr. Erwin R. Elber (Dr. Elber), testified by deposition that plaintiff's loss of the sense of smell was due entirely to damage to his olfactory organ, and stated in an 11 October 1993 letter introduced into evidence that "the loss of [plaintiff's] sense of taste is basically the result of his loss of sense of smell." Dr. Elber defined the olfactory organ as

> all the structures collectively concerned with the perception of odors comprising the olfactory epithelium, the olfactory nerve, the olfactory center, and the brain.

The physician further indicated that while loss of taste could also be due to damage to the lingual nerve, he did not know whether plaintiff's loss was due to such damage.

Competent evidence in the record therefore supports the Commission's finding that plaintiff's loss of the senses of taste and smell was attributable to damage to one organ—the olfactory organ. That finding likewise supports, under the terms of G.S. § 97-31(24), the Commission's conclusion of law that "plaintiff sustained the permanent . . . loss of an important organ for which no compensation is payable under any other subdivision" of the statute. *See Pittman*, 122 N.C. App. at 129, 468 S.E.2d at 286.

We note this Court has stated, "[w]e believe the loss of sense of taste and smell is compensable as the loss of *an* important internal organ." *Cloutier v. State*, 57 N.C. App. 239, 245, 291 S.E.2d 362, 366, *cert. denied*, 306 N.C. 555, 294 S.E.2d 222 (1982) (emphasis added). While defendant maintains *Cloutier* has foreclosed a holding by this Court that loss of the senses of taste and smell may be separately compensated under G.S. § 97-31, *see In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (where Court of Appeals has decided same issue, subsequent panel in different case is bound by that precedent unless it has been overturned by a higher court), we do not believe the case *sub judice* requires such a determination.

In sum, the Commission's pertinent finding of fact being supported by competent evidence and in turn supporting its applicable legal conclusion, the single award of $20,000 to plaintiff is affirmed.

Affirmed.

Judges WYNN and McGEE concur.