The Full Commission has reviewed the prior Orders based upon the record of the proceedings before Deputy Commissioner Stanback. The appealing party has shown good ground to reconsider the evidence. Accordingly, the Opinion and Award is modified with respect to the issue of plaintiff attorneys fee.
 ***********
The Full Commission makes the following findings of fact:
 FINDINGS OF FACT
1. The employee originally injured his back at work on March 2, 1989, and then injured it again on April 21, 1995, also at work. He did not seek legal assistance with regard to either injury. The employer accepted the 1989 injury. The employee did not make a separate claim for the 1995 injury. He returned to work after that injury on July 11, 1995.
2. In early 1997 the employee began to have some back pain and discomfort but worked until August 18 1997, when he slipped and nearly fell while shopping with his wife. One week later he had back surgery to repair a herniated disc. He did not obtain prior approval for the surgery. There was no at-work accident in 1997. After learning that the workers compensation carrier had denied payment, he submitted the bill to his health insurance carrier who also denied it. He did not appeal their decision.
3. The employee sought assistance from the law firm of Hedrick Rhodes in 1998, three years after his 1995 injury and seven months after his 1997 surgery, after his doctor had sent his surgical bill to a collection agency. His unpaid medical bills were more than $11,000. There was no evidence that the store in which he was shopping when he slipped had been negligent, so there was no basis for a personal injury claim. The surgeon had not indicated that the 1997 surgery was related to either of his previous at-work injuries in 1989 and 1995 or that there was any additional PPD.
4. Plaintiffs counsel anticipated that the carrier had denied the employees request to pay for his 1997 surgery on the basis of causation and that the carrier would also rely upon the two-year limitation period under N.C. Gen. Stat. 97-47.1. There was sufficient evidence to support both defenses. Nonetheless, plaintiffs lawyers believed it might be worthwhile to the employee to see if he could discover any additional evidence that would support his claim.
5. Plaintiffs counsel discussed with the employee the factors which they anticipated would make his case very time consuming and difficult to win as well as the fact that, although the benefit to him would include his unpaid medical expenses if the case was won, the amount from which his attorneys fee would be drawn would probably be insignificant compared with the work that would have to be done. Plaintiffs counsel discussed their customary workers compensation contingency fee with the employee and explained that, because of the above factors, they could only take his case if agreement could be reached on a higher contingency fee than usual. The agreed fee was a 50% contingency.
6. When requested to approve that fee, the Deputy Commissioner awarded 25% of the disability payments the employee was entitled to receive. The disability payment had been reduced by a $7,498.46 offset owed the carrier because of overpayment of the earlier claim. The amount of attorney fees awarded by Deputy Commissioner Stanback was $3,046.28.
7. The 50% contingency fee arrangement between plaintiffs attorney and plaintiff is unreasonable under the facts and circumstances of this case considering the time invested, the amount involved, the results achieved, whether the fee is fixed or contingent, the customary fee for similar services, the experience and skill level of the attorney, and the nature of the attorneys services. By calculation of plaintiffs attorneys a fee of 50% of the disability payments would be $6,947.14. The Full Commission finds that a fee of $5,500.00 would be fair and reasonable under the facts and circumstances of this case considering the time invested, the amount involved, the results achieved, whether the fee is fixed or contingent, the customary fee for similar services, the experience and skill level of the attorney, and the nature of the attorneys services.
8. The most significant factors in this case are the amounts of disability and medical compensation involved, the nature of the services provided, the results achieved and the time invested in the case.
9. Only a small amount of disability compensation was involved in this case. The employee had returned to work at the same or greater wage after his 1997 back surgery after only six weeks off work. The surgery was similar to his surgery in 1995 for which his doctor had given him a 5% PPD rating. There was no TPD involved and no chance of additional TTD or other compensation. On the other hand, the employee had more than $11,000 in unpaid medical bills which he felt should be paid by the defendants.
10. The chief difficulty in the case was relating the 1997 surgery to the 1989 accepted claim. This difficulty was solved when the surgeon gave his opinion that the 1997 incident was a natural consequence of the compensable 1989 injury.
11. With regard to the results achieved, in addition to achieving the employees goal of getting his medicals in excess of $11,000 paid and obtaining payment for his out-of-pocket medicals and TTD for 1997, he collected a greater PPD from the 1995 injury and additional PPD for the 1997 surgery. Significantly, all of this was achieved without a clincher agreement, which would have terminated the employees right to future medicals. In short, not one benefit to the employee was compromised — his medicals were paid, he received the proper and full compensation for his injuries and his case is still open if he should have additional back problems within the applicable two-year period.
12. Regarding the time invested in this case, plaintiffs attorneys spent 56.1 hours of billable attorney time and many additional hours of staff time overcoming the obstacles and obtaining the results achieved.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. In deciding that an attorney fee requested was unreasonable the Industrial Commission must set forth findings of fact to support a conclusion that the fee agreement is unreasonable. N.C. Gen. Stat.97-90(c). If there are no findings, it is error not to approve the agreement and award the requested fee. Cloutier v. State of NorthCarolina, 57 N.C. App. 239, 248, cert. denied, 306 N.C. 555 (1982).
2. Under the Workers Compensation Act, the Industrial Commission must consider all of the circumstances of a case when reviewing a fee which is greater than the customary contingency fee: "the time invested, the amount involved, the results achieved, whether the fee is fixed or contingent, the customary fee for similar services, the experience and skill level of the attorney, and the nature of the attorneys services. N.C. Gen. Stat. 97-90(c).
 ***********
Considering the foregoing findings of fact and conclusions of law, the Full Commission makes the following:
 AWARD
An attorney fee of $5,500.00 shall be paid to plaintiffs counsel, Hedrick Jones. To the extent that defendants have funds owing but not yet paid to plaintiff or plaintiffs counsel, defendants shall pay those funds up to $5,500.00 directly to plaintiffs counsel, Hendrick Rhodes. Plaintiff shall pay plaintiffs attorney any part of the $5,500.00 not paid to plaintiffs attorney by defendants.
This 25th day of January 2001.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER